**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02319

JASON WRIGHT,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

## DECLARATION OF LUCIA MCGEEHAN, PH.D.

1. My name is Lucia McGeehan. I am over eighteen (18) years of age and, unless indicated otherwise, I have personal knowledge of the facts stated below based on my employment at the National Board of Medical Examiners ("NBME") and/or my review of NBME records maintained in the ordinary course of business.

2. I am a Disability Assessment Analyst in NBME's Disability Services group. I have a Ph.D. in Educational Psychology with a focus in School Psychology. I am a certified school psychologist by the Pennsylvania Department of Education and a Nationally Certified School Psychologist by the National Association of School Psychologists. Also, I am a licensed psychologist by the State of Pennsylvania.

3. The NBME is a not-for-profit organization located in Philadelphia, Pennsylvania that provides assessment services for physicians and other the health professions. Its mission is to

153912634.1

help protect the health of the public by developing and administering state-of-the-art assessments for evaluating the knowledge and skills of health professionals.

4. Together with the Federation of State Medical Boards, the NBME sponsors the United States Medical Licensing Examination ("USMLE"), which is a standardized examination used to evaluate applicants' competence for medical licensure in the United States and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

5. Medical licensing authorities across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians.

6. There are three "Steps" to the USMLE, all of which must be passed before an individual with a medical degree is eligible to apply for an unrestricted license to practice medicine in the United States. Step 1 is a one-day, computer-based multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. Step 2 Clinical Knowledge (Step 2 CK) is a one-day, computer-based multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science for the provision of patient care under supervision. Step 3 is a two-day, computer-based examination that assesses whether examinees can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine.

7. The USMLE used to include a Step 2 Clinical Skills (Step 2 CS) assessment. Step 2 CS used standardized patients to assess an examinee's ability to gather information from patients,

perform physical examinations, and communicate his or her findings. NBME suspended the Step 2 CS examination during the COVID-19 pandemic and subsequently discontinued its use.

8. The USMLE is administered under standard conditions. Examinees take the USMLE Step examinations under the same testing conditions, including standard testing time, and NBME has policies and procedures in place that are intended to help ensure that no examinee or group of examinees receives unfair advantage on the examination. There is an exception to this policy, however, for individuals with documented disabilities who demonstrate that they need reasonable accommodations when taking the examination(s).

9. Testing accommodations are available on the USMLE for examinees with a disability, as defined under the Americans with Disabilities Act ("ADA"). All requests for accommodations are individually reviewed and, when warranted (*i.e.*, when the examinee demonstrates that he or she is disabled within the meaning of the ADA and needs reasonable accommodations to take the examination in an accessible manner), reasonable and appropriate accommodations are provided. Hundreds of examinees are provided accommodations every year by NBME.

10. Accommodations are denied when the submitted documentation fails to demonstrate that the examinee has a disability within the meaning of the ADA or that the requested accommodations are needed to take the examination in an accessible manner. NBME denies requests for extra testing time or other accommodations that have not shown been shown to be warranted to ensure that its testing program is fair for all examinees, and to protect the reliability of USMLE scores.

11. NBME often seeks input from independent professionals with expertise in the relevant disability when evaluating an accommodation request. When it does so, NBME asks the external professional to review all the supporting documentation submitted by the candidate and provide a written report on whether the documentation demonstrates the presence of a physical or mental impairment (as identified by the candidate); if so, whether the impairment substantially limits the candidate's ability to perform one or more major life activities that are relevant to taking the USMLE; and, if so, to make a recommendation on whether the requested accommodations are appropriate and reasonable.

12. Jason Wright ("Dr. Wright") took Step 1 of the USMLE on November 9, 2011. He did not request testing accommodations and took the examination under standard testing conditions. He passed the Step 1 examination on his first attempt.

13. Dr. Wright took the Step 2 CK examination on July 22, 2013. He did not request testing accommodations and took the examination under standard testing conditions. He did not pass on his first attempt.

14. Dr. Wright took the Step 2 CK examination a second time on November 1, 2013. Again, he did not request testing accommodations and took the examination under standard testing conditions. He passed on this second attempt.

15. Dr. Wright took the Step 2 CS examination on March 28, 2013. He did not request testing accommodations on this examination and tested under standard conditions. He passed the test on his first attempt.

16. Dr. Wright took the Step 3 examination on April 10, 2017. He did not request testing accommodations and took the examination under standard testing conditions. He did not pass on this first attempt.

17. Dr. Wright took the Step 3 examination a second time on November 29, 2017. He did not request testing accommodations and took the examination under standard testing conditions. He did not pass on his second attempt.

18. On or about October 4, 2018, NBME received the first request for testing accommodations from Dr. Wright, who requested extra testing time and other accommodations after not passing Step 3 on his first two attempts. Dr. Wright submitted a USMLE Request for Test Accommodation Form, a personal statement, and a 2017 Psychoeducational Evaluation report from Terri Lucero, Ph.D. Dr. Wright sought 100% additional test time (double time) over 5 days of testing (instead of the normal 3), a private testing room, and the ability to use text-to-speech software, if available. He based his request on a 2011 diagnosis of Attention-Deficit/Hyperactivity Disorder, Inattentive Type (ADHD) and a 2017 diagnosis of Specific Learning Disability with Specific Impairment in Reading Comprehension.

19. A true and correct copy of Dr. Wright's request form as received by NBME is attached at **Exhibit 1**.

20. A true and correct copy of Dr. Wright's personal statement as received by NBME is attached at **Exhibit 2**.

21. A true and correct copy of the 2017 Psychoeducational Evaluation report from Dr. Lucero as received by NBME is attached at **Exhibit 3**.

22. Dr. Wright also submitted an August 8, 2013 Medical Student Performance Evaluation with his request. A true and correct copy of the document as received by NBME is attached at **Exhibit 4**.

23. Dr. Wright also submitted certain of his score reports for Step 1, Step 2 CK, Step 2 CS, and Step 3 with his request. True and correct copies of these documents as received by NBME are attached at **Exhibit 5**.

24. Dr. Wright also submitted a GRE score report with his request. A true and correct copy of this report as received by NBME is attached at **Exhibit 6**.

25. Dr. Wright also submitted a printout containing his August 2004 Medical College Admission Test (MCAT) score and related information with his request. A true and correct copy of this report as received by NBME is attached at **Exhibit 7**.

26. Dr. Wright also submitted a printout of past SAT, ACT, and ACH (the SAT II Subject Test Math I) scores in support of his request. True and correct copies of these documents as received by NBME are attached at **Exhibit 8**.

27. Pursuant to NBME's standard policy, examinees must be registered to test before NBME begins to review their request for testing accommodations. Dr. Wright was not registered for the Step 3 examination when he submitted his initial request for accommodations to NBME. By email dated October 5, 2018, NBME informed Dr. Wright of the need to register for the test. It also informed Dr. Wright that, if he received accommodations in medical school, he should have the appropriate official at his school complete a USMLE Certification of Prior Test Accommodations (CPTA) form, which is available on NBME's website.

28. Dr. Wright registered for the Step 3 examination on May 21, 2019. On May 24, 2019, NBME informed Dr. Wright that his registration was showing as complete and his request for testing accommodations had been submitted for review.

29. NBME thoroughly reviewed all documents submitted by Dr. Wright in support of his request for testing accommodations. It also provided Dr. Wright's file to an external expert reviewer, Richard L. Sparks, Ed.D., for review and recommendation. After discussing the documentation in the file, Dr. Sparks wrote in his report, "At this time, the objective documentation does not support a finding of disability under the ADA because there is no evidence that [Dr. Wright] is substantially limited in a major life activity. Thus, it is my conclusion that the request for accommodations should be denied." A true and correct copy of Dr. Spark's report is attached at **Exhibit 9**.

30. Following an individualized review of Dr. Wright's request, and based on Dr. Spark's recommendations and my independent review of the file, NBME concluded that Dr. Wright's documentation did not demonstrate a substantial limitation in a major life activity compared to most people or that the requested accommodations were an appropriate modification of his USMLE Step 3 test administration. NBME therefore denied Dr. Wright's request for accommodations. A true and correct copy of the July 16, 2019 letter from me to Dr. Wright in response to his request is attached at **Exhibit 10**.

31. On July 17, 2019, Dr. Wright sent an email to NBME seeking information about an appeal process. On July 18, 2019, NBME responded to Dr. Wright, explaining the process for making a request for reconsideration of the test accommodations submission. Dr. Wright did not submit a request for reconsideration.

32. Dr. Wright took the Step 3 examination on October 21, 2019 under standard testing conditions. He did not pass the test.

33. On November 13, 2019, Dr. Wright sent an email to NBME, stating, among other things: "Now that I have failed the Step 3 exam again, after being denied the accommodations that my in-person psychoeducational assessment stated I require, and that Mrs. McGeehan then ruled against without any assessment or direct observation, I am concerned that damage has finally been done and will, unfortunately, need a legal conclusion." A true and correct copy of Dr. Wright's November 13, 2019 email is attached at **Exhibit 11**.

34. On January 16, 2020, NBME received a letter from Helen Wright dated January 11, 2020. NBME added the document to Dr. Wright's file. A true and correct copy of this letter as received by NBME is attached at **Exhibit 12**.

35. On March 29, 2021, NBME received a new request for testing accommodations on Step 3 of the USMLE from Dr. Wright, through an email from his attorney. Dr. Wright sought additional break time and 50% additional test time over 4 testing days and a separate testing environment. His request was based on a 2008 diagnosis of Other Specified Depressive Disorder, a 2011 diagnosis of Attention Deficit/Hyperactivity Disorder, Inattentive Type (ADHD), and a 2017 diagnosis of Specific Learning Disorder (Reading Impairment). A true and correct copy of Dr. Wright's March 2021 accommodation request for Step 3 is attached at **Exhibit 13**.

36. Dr. Wright's request was complete and ready for review on March 30, 2021.

37. Dr. Wright's attorney submitted a letter in support of this 2021 testing accommodation request. True and correct copies of this letter and the cover email as received by NBME are attached at **Exhibit 14**.

38. Dr. Wright submitted a new personal statement in support of this request. A true and correct copy of his 2021 personal statement as received by NBME is attached at **Exhibit 15**.

39. Dr. Wright submitted a new neuropsychological evaluation report from Dr. Lucero in support of his 2021 accommodation request. A true and correct copy of Dr. Lucero's report, signed January 3, 2021, as received by NBME is attached at **Exhibit 16**.

40. Dr. Wright also submitted the August 8, 2013 Medical Student Performance Evaluation shown at **Exhibit 4**.

41. Dr. Wright also submitted an Eligibility Notification from the University of Denver dated September 3, 2019, stating his approval to receive 50% extended time testing and conversion of textbooks to alternate format text. A true and correct copy of this notification as received by NBME is attached at **Exhibit 17**.

42. Dr. Wright also submitted additional documentation relating to his past ACT, SAT, and MCAT scores. True and correct copies of these documents as received by NBME are attached at **Exhibit 18**.

43. Dr. Wright again included copies of the USMLE score reports shown at **Exhibit 5**, along with a copy of his October 21, 2019 Step 3 Score Report. Some of these copies are easier to read than the copies submitted with Dr. Wright's first accommodation request, so true and correct copies of all the score reports received by NBME as part of the March 2021 request are attached at **Exhibit 19**.

44. Dr. Wright submitted a copy of his transcript from Ross University School of Medicine. A true and correct copy of this transcript as received by NBME is attached at **Exhibit 20**.

45.     Dr. Wright submitted a copy of his transcript from the University of Colorado. A true and correct copy of this transcript as received by NBME is attached at **Exhibit 21**.

46.     Dr. Wright submitted a copy of his University of Denver transcript. A true and correct copy of this transcript as received by NBME is attached at **Exhibit 22**.

47.     Dr. Wright submitted a copy of an article entitled "Critical Issues in the Identification of Gifted Students with Co-Existing Disabilities: The Twice-Exceptional." A true and correct copy of this article is attached at **Exhibit 23**.

48.     NBME thoroughly reviewed all documents submitted in support of Dr. Wright's 2021 request for test accommodations. It also provided Dr. Wright's entire file, including his 2019 request, to two new external expert reviewers, Marla R. Brassard, Ph.D., and Kevin Murphy, Ph.D.

49.     After reviewing the documentation in the file, Dr. Brassard wrote: "I find little here to support the candidate's request for test accommodations based on either a reading disability or ADHD. His documentation is not consistent with either diagnosis and thus, I do not recommend that the Board grant him additional time. The Board should note that there is controversy over the notion of twice exceptional students, those who are gifted and learning disabled. The empirical literature does not support such a category and it is not in the DSM-V or ICD." A true and correct copy of Dr. Brassard's report is attached at **Exhibit 24**.

50.     After reviewing the documentation in the file, Dr. Murphy wrote in his report:

> In summary, Dr. Wright's documentation fails to build a convincing case for the existence of ADHD (or [a Reading Disorder]) and fails to illuminate the early appearing and chronic pattern of real world functional impairment arising from it beyond self-report and having struggled passing Step exams. His documentation also fails to adequately show that he has a disability within the meaning of the ADA, in my opinion. The idea that he may perform better on Step 3 when allowed extra time is not unusual and is not the issue. Most people would. However, to qualify for a disability under the American[s] with Disabilities Act, one must have

> a physical or mental impairment that substantially limits one or more major life activities. Further, that individual must suffer substantial impairment relative to the Average person in the general population. Dr. Wright has not shown that he is substantially limited in any major life activity relative to the Average person, in my opinion. The purpose of accommodations is not to optimize test performance, guarantee that one completes a test, or to help one achieve a score that is commensurate with their highest potential. Because there is insufficient hard evidence and history to support an ADHD (and RD) diagnosis or a disability, I do not believe that granting his requested accommodations is warranted.

A true and correct copy of Dr. Murphy's report is attached at **Exhibit 25**.

51. Following review of Dr. Wright's request, and based on Dr. Brassard's and Dr. Murphy's recommendations and NBME's independent review of the file, NBME concluded that Dr. Wright's documentation did not demonstrate that he is substantially limited in his ability to perform any major life activity as compared to most people or that his requested accommodations were an appropriate modification of his USMLE Step 3 test administration. A true and correct copy of NBME's June 28, 2021 letter to Dr. Wright is attached at **Exhibit 26**.

52. Dates of birth and social security numbers have been redacted from the exhibits discussed above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2021.

*Lucia McGeehan*

_____
Lucia McGeehan

-11-

153912634.1