**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02319-DDD-NYW

JASON WRIGHT,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

---

### NBME'S MOTION TO DISMISS

The National Board of Medical Examiners ("NBME") moves to dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The lawsuit relates to a request for extra testing time and other accommodations on Step 3 of the United States Medical Licensing Examination ("USMLE"). Plaintiff Jason Wright ("Plaintiff" or "Dr. Wright") asserts that NBME's denial of his accommodation request violated the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and the Colorado Anti-Discrimination Act ("CADA").

Dr. Wright's lawsuit should be dismissed because (1) the Court lacks subject matter jurisdiction over Dr. Wright's ADA claim, based upon events occurring subsequent to the filing of the complaint; (2) Dr. Wright has failed to adequately plead a claim under Section 504; and (3) Dr. Wright cannot pursue a claim under the CADA because NBME is not a "public accommodation" within the meaning of the statute and Dr. Wright did not exhaust his administrative remedies in any event.

-2-

## CERTIFICATE OF CONFERRAL

Pursuant to DDD Civ. P.S. III(D)(1), counsel for NBME certify that they conferred with counsel for Plaintiff regarding NBME's motion to dismiss Plaintiff's Section 504 claim based on failure to adequately plead the claim. Counsel for Plaintiff agreed to amend the complaint and not include the Section 504 claim in the amended complaint, and authorized NBME to so inform the Court. As of the filing of this motion, however, Plaintiff has not yet filed an amended complaint. NBME has therefore included the Section 504 argument in this brief so as not to waive it.

## BACKGROUND

NBME co-sponsors the United States Medical Licensing Examination ("USMLE"), a "series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure." Complaint ¶¶ 7-8.[1] The USMLE consists of three Step examinations, and all three Steps must be passed to receive medical licensure. *Id.* ¶ 19. As Plaintiff acknowledges, and as this Court has previously noted (ECF No. 15 at 4), "NBME is required to provide reasonable testing accommodations on the USMLE" only if an individual has "documented disabilities within the meaning of the ADA, 42 U.S.C. § 12189." Complaint ¶ 22.

Dr. Wright took USMLE Step 1, Step 2 Clinical Knowledge ("Step 2 CK"), and Step 2 Clinical Skills ("Step 2 CS") without requesting accommodations and passed each test. *See id.* ¶¶ 30-37.[2] He took the Step 3 exam two times without requesting accommodations, and he did not pass. *See id.* ¶ 40. In 2018, he sought testing accommodations, including extra testing time,

---

[1] NBME relies on the allegations of the Complaint solely for the purpose of this motion to dismiss.

[2] NBME suspended the Step 2 CS examination during the COVID-19 pandemic and subsequently discontinued its use.

-2-

from NBME for the first time. *See id.* ¶ 41. NBME denied his request. *See id.* ¶ 42. Dr. Wright took the test again in 2019 under standard conditions, and he did not pass. *See id.* ¶ 43.

On March 29, 2021, Dr. Wright submitted another request for accommodations on the Step 3 exam, this time through counsel. *See id.* ¶ 44. NBME denied his request. *See id.* ¶ 45.

Dr. Wright filed this lawsuit in August 2021. In September 2021, he filed an emergency motion for preliminary injunction that, if granted, would have required NBME to provide him with all his requested accommodations on the Step 3 examination that he was scheduled to take in October 2021. The Court denied the motion. *See* Order Denying Motion for Preliminary Injunction (ECF No. 15). Dr. Wright appealed the district court's decision and filed a motion for a preliminary injunction pending appeal, but the Tenth Circuit likewise denied his motion. Order, Case No. 21-1360 (10th Cir. Oct. 20, 2021).[3] Dr. Wright tested on October 22 and 26, and he did not pass the test. *See* Declaration of Amy Buono ("Buono Decl.") ¶ 7.[4]

Dr. Wright has now taken the Step 3 examination four times without passing. Under current USMLE testing-eligibility criteria applicable to all examinees, examinees are ineligible to take the USMLE if they have made four or more attempts at a USMLE Step and have not passed the examination. *See id.* ¶ 5. An examinee who has exceeded the attempt limit may ask a state medical board to petition the USMLE Secretariat to allow the examinee an additional attempt. *See id.* ¶ 6. Dr. Wright therefore may contact a state medical board in a state where he would otherwise

---

[3] Dr. Wright has dismissed his appeal of the preliminary injunction ruling.

[4] NBME offers the Declaration of Amy Buono solely in support of its motion to dismiss Dr. Wright's ADA claim for lack of subject matter jurisdiction. "The court may review materials outside the pleadings without converting [a] Rule 12(b)(1) motion to dismiss into a motion for summary judgment." *See Silex West, LLC v. Bd. of Cty. Commissioners*, No. 21-00061, 2021 WL 4477326, at *2 (D. Colo. Sept. 30, 2021) (citation omitted).

-3-

be eligible for licensure and request that the board petition on his behalf for a one-time additional attempt at the Step 3 examination. No such petition on Dr. Wright's behalf has been received by the USMLE Secretariat. *Id.* ¶ 8. Dr. Wright would be eligible to re-take the Step 3 examination only if such a petition were submitted by a state medical board on his behalf and granted by the USMLE Secretariat. *See id.* ¶ 6.

## ARGUMENT

### I.  Rule 8(a)(2), Rule 12(b)(1), and Rule 12(b)(6) Standards

Federal courts lack subject matter jurisdiction over moot cases. *See Already, LLC v. Nike Inc.*, 568 U.S. 85, 90-91 (2013) (a moot case is no longer a "case" or "controversy" for purposes of Article III); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot."). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotations omitted; quoting *Campbell-Ewald Co. v Gomez*, 577 U.S. 153 (2016)). Likewise, if a claim is not ripe, a court should dismiss it for lack of subject matter jurisdiction. *See Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013) ("Both standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute.") (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this requirement does

not necessitate "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570. A facially plausible claim must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

"When deciding a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff." *Adler v. Am. Home Mortg. Servicing, Inc.*, 882 F. Supp. 2d 1237, 1239-40 (D. Colo. 2012) (citation omitted). "Legal conclusions, however, do not receive this treatment." *Id.* (citing *Iqbal*, 556 U.S. at 678).

**II.      The Court Lacks Subject Matter Jurisdiction over Dr. Wright's ADA Claim.**

Dr. Wright's first claim arises under Title III of the ADA.  *See* Complaint ¶¶ 53-73.[5]  The remedies provision for Title III is found at 42 U.S.C. § 12188(a),[6] which in turn adopts the remedies set forth in 42 U.S.C. § 2000a-3(a).  Section 2000a-3(a) allows individuals to pursue "a civil action for ***preventive relief***, including an application for a permanent or temporary injunction, restraining order, or other order …." (emphasis added).  "Monetary relief … is not available to private individuals under Title III of the ADA."  *Powell v. NBME*, 364 F.3d 79, 86 (2d Cir. 2004); *see also Lewis v. Burger King,* 361 F. App'x 937, 938 n.1 (10th Cir. 2010).

There is no existing case or controversy between Dr. Wright and NBME that would entitle him to any preventive injunctive relief.  Dr. Wright's ADA claim is moot as to any request he made for accommodations on a prior administration of Step 3 of the USMLE, including the October 2021 test administration that is the focus of his Complaint, because injunctive relief would not prevent the harm he allegedly experienced with respect to his prior accommodation request.  *See Kohn v. State Bar of Cal.,* 497 F. Supp.3d 526*,* 533 (N.D. Cal. 2020) (dismissing on mootness grounds plaintiff's request for injunctive and declaratory relief under the ADA in connection with his request for accommodations on a state bar exam, after he had taken the exam in question); *see also Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.,* 491 F.3d 1143, 1150 (10th Cir. 2007) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given

---

[5] Dr. Wright alleges that NBME violated two sections of Title III of the ADA, 42 U.S.C. §§ 12182 and 12189.  *See* Complaint ¶¶ 58-59.  However, Section 12189 is the only provision in Title III that is applicable to NBME.  NBME is not a "public accommodation" subject to Section 12182, *see infra* at 11-12, although the Court does not need to resolve this issue for purposes of NBME's motion to dismiss the ADA claim.

[6] Dr. Wright seeks injunctive relief pursuant to this statutory provision.  *See* Complaint ¶ 70.

or is no longer needed.") (quotation marks and citation omitted); *Colic v. Barr*, No. 19-cv-01511-NYW, 2020 WL 1433495, at *2 (D. Colo. Mar. 24, 2020) ("'[A] claim for prospective injunction becomes moot once the event to be enjoined has come and gone.'") (citation omitted). Dr. Wright's request for declaratory relief with respect to his prior accommodation requests is likewise moot. *See Unified Sch. Dist.*, 491 F.3d at 1147 ("Actions seeking a declaratory judgment must comport with the same mootness principles as any other suit.") (internal quotation marks omitted).

With respect to any *future* administrations of the Step 3 exam that Dr. Wright *might* become eligible to take (and as to which he *might* request accommodations), Dr. Wright's ADA claim is not ripe. Dr. Wright is currently ineligible to test again, *see* Buono Decl. ¶¶ 5, 7-8, with or without accommodations.

In assessing ripeness, the court evaluates "'(1) the fitness of the issue for judicial resolution and (2) the hardship to the parties of withholding judicial consideration.'" *Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 916 (10th Cir. 2013) (unpublished) (citation omitted). The first issue "requires that we ask whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks and citations omitted); *see also Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1065 (10th Cir. 2012). In assessing potential hardship to the parties, the court considers "'whether the challenged action creates a direct and immediate dilemma for the parties.'" *Cunningham*, 531 F. App'x at 916 (citations omitted). Given the uncertainty over whether Dr. Wright will be able to test again in the future, which in turn depends on whether Dr. Wright will request a medical board to petition on his behalf and whether a medical board will agree to do so, Dr. Wright's request for injunctive and declaratory relief regarding his entitlement to testing accommodations

under Title III of the ADA on a future administration of the Step 3 examination is speculative and contingent and thus not ripe. *Cf. id.* at 916-18 (holding that district court lacked subject matter jurisdiction over plaintiff's Title III ADA complaint against NBME because plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review"); *Kober v. NBME*, No. 09-1772, 2010 WL 2342480, *2-3 (W.D. La. June 7, 2010) (dismissing Title III ADA complaint pursuant to Rule 12(b)(1) where plaintiff "has no request pending before the NBME" for decision).

Dr. Wright's ADA claim should therefore be dismissed for lack of subject matter jurisdiction.

### III.     Dr. Wright Fails to Adequately Plead a Claim Under Section 504 of the Rehabilitation Act.

Entities are subject to Section 504 if they receive federal financial assistance at the time of the actions that are the alleged basis for a discrimination claim. *See* 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …."). Dr. Wright has failed to adequately plead (a) that NBME received federal financial assistance (b) at the time of the alleged discrimination.

"[A]n entity receives financial assistance" within the meaning of the Rehabilitation Act "when it receives a subsidy." *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 911 F.2d 1377, 1382 (10th Cir. 1990) (concluding government did not intend to provide a subsidy to defendant through a contract to provide security guards for DOE laboratory); *see also Youngers v. Mgmt. & Training Corp.*, No. 20-465, 2021 U.S. Dist. LEXIS 75296, *8 (D.N.M. Apr. 19, 2021)

("'Courts interpreting [section] 504 of the Rehabilitation Act have consistently construed 'Federal financial assistance' to mean the federal government's provision of a subsidy to an entity, not the federal government's compensation of an entity for services provided'") (citations omitted); *Estate of Carlos Escobar Mejia v. Archambeault*, No. 20-2454, 2021 WL 4428990, at *9-10 (S.D. Cal. 2021) ("Plaintiffs allege only that 'Defendant … is a program that received federal financial assistance as defined in 29 U.S.C. § 794(b) … but provide no facts raising an inference that [Defendant] receives a subsidy.'") (dismissing Section 504 claim).

Likewise, Section 504 applies "only [to] those periods during which the funds are accepted." *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 113 n.2 (2d Cir. 2001) (citing *Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000)); *see also Bachman v. Amer. Soc'y of Clinical Pathologists*, 577 F. Supp. 1257, 1260-61 (D.N.J. 1983) ("The present tense language of the statute … reflects the fact that the federal funding is conditioned on the recipient's simultaneous compliance with the anti-discrimination provisions of Section 504.") (citation omitted).

A New Mexico district court recently addressed a complaint which alleged that the defendant had a contract with ICE to manage immigration detention centers, and found that it failed to state a claim under Section 504:

> Clearly, these allegations—which allege only a valid contractual relationship between NM Defendants and ICE—do not establish that it was plausible that NM Defendants received a subsidy to transport and house Hernandez. If the Court accepts these threadbare allegations for that proposition, it would amount to allowing a plaintiff to always assert a plausible Rehabilitation Act claim under the *Twombly/Iqbal* test by merely pleading a valid federal contract. The standard demands more. For example, Plaintiff does not include a good faith allegation that NM Defendants actually received a subsidy....

*Youngers*, 2021 U.S. Dist. LEXIS 75296, at *9 (dismissing Section 504 claim).

-9-

Dr. Wright's complaint is even more threadbare than the complaint in *Youngers*. He summarily alleges that "NBME receives federal grants, contracts, and other financial assistance, thereby subjecting itself to the requirements of Section 504." Complaint ¶ 78. Nowhere, however, does he allege facts showing what these purported "federal grants, contract, and other financial assistance" are, why they constitute a subsidy to NBME, or when NBME purportedly received federal financial assistance. He therefore fails to plead any facts showing that NBME is subject to Section 504 at any time, much less at the time of the alleged discrimination.

Dr. Wright's Section 504 claim should be dismissed for failure to state a claim because it "does not plausibly allege that Defendant[ ] receive[s] federal assistance." *Loesby v. Fischer*, No. 20-cv-01827-RM-NRN, 2021 WL 3555786, *6 (D. Colo. July 1, 2021) (recommending dismissal of Section 504 claim), *report and rec. adopted*, 2021 WL 3549428 (D. Colo. Aug. 11, 2021) (Section 504 claim dismissed under Rule 12(b)(6)).

**IV.    Dr. Wright Cannot Pursue a Claim Under the CADA.**

Dr. Wright asserts that NBME violated the CADA in denying his accommodation requests. He cannot pursue a claim against NBME under the CADA, however, because NBME is not a "public accommodation" within the meaning of the statute and, even if it were, Dr. Wright failed to exhaust his administrative remedies before filing suit.

**A.    NBME is not a "public accommodation" within the meaning of the CADA.**

CADA provides: "It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability … the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation …." C.R.S. § 24-34-601(2)(a). The statute

defines a "place of public accommodation" as "any *place* of business engaged in any sales to the public and any *place* offering services, facilities, privileges, advantages, or accommodations to the public," C.R.S. § 24-34-601(1) (emphases added), and includes a non-exhaustive list of subject entities, including hotels, restaurants, retail stores, sports facilities, and schools, *see id.*

Dr. Wright alleges that "Defendant NBME engages in sales to the public and is a place offering services, facilities, privileges, advantages, or accommodations to the public by offering and administering the USMLE tests." Complaint ¶ 88. But he is simply parroting the language of the statute. He does not plead any facts to show that NBME is a place that sells goods or services to the public. And other allegations in his complaint make clear that NBME offers the USMLE only to a narrow universe of individuals who are eligible to take the test, not to members of the general public. *See generally* Complaint ¶¶ 19-21; *id.* ¶ 57 ("USMLE examinations are examinations related to applications and credentialing for postsecondary education, professional, and trade purposes …."). NBME is a private, non-profit corporation that co-sponsors an examination used for medical licensure. It bears no resemblance to the myriad places listed in the Colorado statute as a "place of public accommodation" within the meaning of the CADA.

This conclusion is bolstered by the fact that NBME is not a "public accommodation" within the meaning of the ADA. *See* C.R.S. § 24-34-301(5.1) ("'Place of public accommodation' or 'public accommodation' has the same meaning as set forth in Title III of the federal 'Americans with Disabilities Act of 1990 ….'"). The statutory provision in Title III that addresses "public accommodations" is 42 U.S.C. § 12182, and "public accommodation" is defined in 42 U.S.C. § 12181. The statute identifies twelve exclusive categories of entities that qualify as public accommodations within the meaning of the ADA, and private testing entities like NBME are not

among those categories. *See* 42 U.S.C. § 12181(7). Instead, "private entities" like NBME are governed by a separate provision in Title III, 42 U.S.C. § 12189. The implementing regulations for Title III also make clear that private testing entities like NBME are distinct from public accommodations under the ADA. *See* 28 C.F.R. § 36.102(a) ("This part applies to any—(1) Public accommodation; (2) Commercial facility; or (3) Private entity that offers examinations….").

      **B.    Even if the CADA applied, Dr. Wright did not exhaust his administrative remedies under CADA.**

Dr. Wright is barred from pursuing his CADA claim in all events because he has not exhausted his administrative remedies under the statute. *See* C.R.S. § 24-34-306(14) ("No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him under this part 3 unless he shows, in an action filed in the appropriate district court, by clear and convincing evidence, his ill health which is of such a nature that pursuing administrative remedies would not provide timely and reasonable relief and would cause irreparable harm."); *see also Brooke v. Restaurant Services, Inc.*, 906 P.2d 66, 70 (Colo. 1995) ("[A]dministrative remedies under the Act must be exhausted … for claims filed pursuant to the Act."). Dr. Wright "fails to allege that [he] filed a charge of discrimination and received a notice of right to sue from the division," so his claim is barred under the statute. *See Zapata v. Colorado Christian Univ.*, No. 18-2529, 2019 WL 1544179, *7 (D. Colo. Mar. 15, 2019), *rec. adopted*, 2019 WL 1533239 (D. Colo. Apr. 9, 2019).[7] His CADA claim should be dismissed, either under Rule

---

[7] Although Dr. Wright references C.R.S. § 24-34-802(2)(a) for the relief purportedly available under that section, the predicate for his claim is C.R.S. § 24-34-601, which requires administrative exhaustion.

12(b)(1) for lack of subject matter jurisdiction, *Lasser v. Charter Communications, Inc.*, No. 19-2045, 2020 WL 2309506, *3 (D. Colo. Feb. 10, 2020), or under Rule 12(b)(6), *Zapata*, 2019 WL 1544179, *2 n.1.

This dismissal should be with prejudice.  The CADA requires that "any charge filed with the commission alleging a violation of [the public accommodation provisions] shall be filed … within sixty days after the alleged discriminatory act occurred, and if not so filed, it shall be barred."  C.R.S. § 24-34-604.  NBME's alleged discriminatory act was its decision to deny Dr. Wright's request for accommodations on the Step 3 exam.  *Cf., e.g., Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) ("[T]he only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to Ricks.  That is so even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later."); *Almond v. Unified Sch. Dist. #501*, 665 F.3d 1174, 1177-79 (10th Cir. 2011).  NBME informed Dr. Wright of its decision with respect to his first request for accommodations on the Step 3 examination on July 16, 2019.  Assuming for present purposes that NBME's decision on Dr. Wright's second request for accommodations on the Step 3 examination is treated as a new claim under CADA, NBME informed Dr. Wright of its decision with respect to his second request on June 28, 2021.  *See* Complaint ¶¶ 42, 45.  Dr. Wright is therefore out of time to file a claim with the Commission with respect to either decision.

Dr. Wright's CADA claim should be dismissed with prejudice, because NBME is not a public accommodation under the statute and/or Dr. Wright failed to exhaust his administrative remedies.

154272368.3

## CONCLUSION

Dr. Wright's Complaint should be dismissed in its entirety.  His CADA claim should be dismissed with prejudice.

DATED this 23rd day of November, 2021.

        Respectfully submitted,

        **PERKINS COIE LLP**


        By: s/ *Lindsey E. Dunn*
           Lindsey E. Dunn
           LDunn@perkinscoie.com
           Perkins Coie LLP
           1900 Sixteenth Street, Suite 1400
           Denver, CO 80202-5255
           Telephone: 303.291.2300
           Facsimile: 303.291.2400


        Attorneys for National Board of Medical Examiners


I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

        s/ *Lindsey E. Dunn*

-14-

154272368.3

-15-

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

- Eric H. Maxfield
  eric@ericmaxfieldlaw.com, Eric@ericmaxfieldlaw.com
  emaxfieldlaw@yahoo.com

                              s/ *Lindsey E. Dunn*
                                Lindsey E. Dunn
                                LDunn@perkinscoie.com
                                Perkins Coie LLP
                                1900 Sixteenth Street, Suite 1400
                                Denver, CO 80202-5255
                                Telephone: 303.291.2300
                                Facsimile: 303.291.2400

                                Attorneys for National Board of Medical Examiners

154272368.3