## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-02319-DDD-NYW

JASON WRIGHT,

      Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

      Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference occurred at 9:30 a.m. on December 16, 2021, before Magistrate Judge Wang.  Eric Maxfield appeared on behalf of Plaintiff Jason Wright, and Lindsey Dunn appeared on behalf of Defendant National Board of Medical Examiners.

### 2.  STATEMENT OF JURISDICTION

At the time the Complaint was filed, the Court had jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has brought claims under federal law, including Title III of the Americans with Disabilities Act, and the Court has supplemental jurisdiction over Plaintiff's state law claim under the Colorado Anti-Discrimination Act (CADA) pursuant to 28 U.S.C. § 1367.

Based on events that have occurred since the time Plaintiff filed his complaint, Defendant contends that the Court now lacks subject matter jurisdiction over Plaintiff's Title

III ADA claim.  Defendant argues in its pending motion to dismiss that the claim is moot to the extent that it relates to any prior request for testing accommodations, and it is not ripe to the extent that it relates to any future administration of the licensing exam that is the subject of his complaint because, Defendant argues, Plaintiff currently is not eligible to re-test.  *See* Dkt. 30 at 6-8.

The parties have also notified the Court that Plaintiff intends to amend his complaint to dismiss the other federal claim he has asserted in his pending Complaint, which is a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Although Plaintiff only pleaded federal question jurisdiction and supplemental jurisdiction over his state law claim in his Complaint, the allegations in the Complaint also show that the Court has diversity jurisdiction. Plaintiff alleges that he is a resident of Colorado.  Complaint ¶ 15.  He also alleges that NBME is a District of Colombia corporation whose principal place of business is located in Pennsylvania.  *Id.* ¶ 16.  Plaintiff seeks at least $100,000 in compensatory damages in his Complaint.  Prayer for Relief ¶ 5.  Therefore, complete diversity exists between the parties and the amount in controversy exceeds $75,000, and the Court can exercise diversity jurisdiction over this matter. *See Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987) ("[I]n determining the existence of subject matter jurisdiction, we are not limited to the jurisdictional statutes identified in the complaint."); 5 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1206 (4th ed.) ("As is true of determining whether a federal district court actually has subject matter jurisdiction, compliance with Rule 8(a)(1) is ascertained by looking at the entire complaint, not merely to what purports to be the jurisdictional statement.").  Plaintiff

will make clear in his amended complaint that he is also relying on 28 U.S.C. § 1332 as a basis for the Court's jurisdiction in this action.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      **<u>Plaintiff</u>:**

(1) <u>Disability Discrimination in Violation of 42 U.S.C. § 12189:</u> Defendant NBME has failed to provide the Plaintiff Mr. Wright, an individual with disabilities, with appropriate testing accommodations on the United States Medical Licensing Examination (USMLE) Step 3, which includes extended time (50%), distraction free or reduced test setting, and additional break time. Plaintiff furnished Defendant with extensive documentation of his disabilities and need for accommodations. Plaintiff brings this action to enforce his statutory rights to appropriate accommodations and equal educational and professional opportunities under the ADA. In denying Plaintiff's Reasonable Accommodations, Defendant has violated the Americans with Disabilities Act, denying Mr. Wright the ability to participate and providing Mr. Wright an unequal benefit, and Defendant should be subject to injunctive relief ordering the accommodations under 42. U.S.C. §§ 12188, 12189, and for attorney fees and costs.

(2) <u>Disability Discrimination in Violation of § 24-34-601 et seq., C.R.S.:</u> Defendant NBME has failed to provide the Plaintiff Mr. Wright, an individual with disabilities, with appropriate testing accommodations on the United States Medical Licensing Examination (USMLE) Step 3, which includes extended time (50%), distraction free or reduced test setting, and additional break time. Plaintiff furnished Defendant with

extensive documentation of his disabilities and need for accommodations. Plaintiff brings this action to enforce his statutory rights to appropriate accommodations and equal educational and professional opportunities under the Colorado Anti-Discrimination Act (CADA). In denying Plaintiff's Reasonable Accommodations, Defendant has violated the CADA, denying Mr. Wright the ability to participate and providing Mr. Wright an unequal benefit, and Defendant should be subject to injunctive relief ordering the accommodations, actual monetary damages under § 24-34-802, C.R.S., a fine, and for attorney fees and costs.

b.   **Defendant**:

Defendant does not anticipate asserting any counterclaims in this action.  Defendant also has not yet answered the complaint.  Defendant anticipates that its affirmative defenses will include:

(1)  The Court lacks subject matter jurisdiction over Dr. Wright's claim under Title III of the ADA, for the reasons stated above.

(2)  Plaintiff did not exhaust his administrative remedies under CADA.

(3)   Plaintiff's claims under the ADA, Section 504 (if still applicable), and CADA are barred, in whole or in part, by the statute of limitations.

Defendant also denies that it is a "public accommodation" within the meaning of 42 U.S.C. § 12181 and therefore denies that it is subject to the provisions at 42 U.S.C. § 12182; denies that it is a "public accommodation" subject to the CADA; denies that Plaintiff has adequately stated a claim under Section 504 of the Rehabilitation Act (if that claim is still applicable); denies that it is subject to Section 504 of the Rehabilitation Act; and denies that

Plaintiff is entitled to testing accommodations on Step 3 of the United States Medical Licensing

Examination ("USMLE"), because Plaintiff is not disabled within the meaning of the ADA, the

Rehabilitation Act, or the CADA.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Mr. Wright is a resident of Denver, Colorado.

2.      NBME is a non-profit organization.

3.      NBME develops a number of assessments used in medical education, licensure,

and certification, including the United States Medical Licensing Examination ("USMLE").

4.      The purpose of the USMLE is to assess an examinee's ability to apply knowledge,

concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute

the basis of safe and effective patient care.

5.      Three "Step" exams comprise the USMLE:  Step 1, Step 2 Clinical Knowledge

(Step 2 CK), and Step 3.  The USMLE used to include a fourth examination, the Step 2 Clinical

Skills examination (Step 2 CS), but it no longer does. Step 2 CS used standardized patients to

test examinees on their ability to gather information from patients, perform physical

examinations, and communicate their findings to patients and colleagues.

6.      Dr. Wright took Step 1, Step 2 CK, and Step 2 CS of the USMLE between 2011

and 2013.  He did not request accommodations on any of these examinations and passed all three

(passing Step 2 CK on his second attempt).

7.      Dr. Wright took Step 3 two times in 2017, without requesting accommodations.

He did not pass.

8.      Dr. Wright submitted his first request for accommodations to NBME in October 2018, along with supporting documentation.  He sought 100% additional test time over 5 days of testing (instead of 2), a private testing room, and the ability to use text-to-speech software.

9.      NBME denied his October 2018 request for accommodations.

10.     Dr. Wright took Step 3 a third time under standard testing conditions in October 2019, and he did not pass.

11.     Dr. Wright submitted a new request for accommodations on Step 3 in March 2021, again with supporting documentation. This time, Dr. Wright sought 50% additional testing time, testing over 4 days, additional break time, and a separate testing environment.

12.     By letter dated June 28, 2021, NBME denied Dr. Wright's March 2021 request for accommodations.

13.     Dr. Wright took the Step 3 examination a fourth time in October 2021, and he did not pass.

14.     Dr. Wright did not request or receive accommodations on the ACT, SAT, GRE, or MCAT examinations.

15.     Dr. Wright did not request or receive academic or testing accommodations in college or in medical school.

16.     Dr. Wright requested accommodations in his graduate program at the University of Denver, in 2019.

17.     Dr. Wright was approved to receive 50% additional testing time and alternative format textbooks in his graduate program at the University of Denver.

18.     Dr. Wright did not use extra time accommodations at the University of Denver because he did not have coursework that required timed testing.

## 5. COMPUTATION OF DAMAGES

a.     **<u>Plaintiff</u>**:

1.   Actual monetary damages including damage to reputation, ability to work in one's profession, lost investment in education (Claim 2): Approximately $1,000,000.

Plaintiff will supplement this damages computation with initial disclosures.

2.     Non-economic actual monetary Damages (Claim 2): Emotional distress damages in an amount to be determined by the Court.

3.     Recovery of reasonable attorney fees and costs (Claims 1 & 2).

4.     $3,500 fine (Claim 2).

5.     Pre-judgment and post-judgment interest.

6.     Plaintiff reserves the right to seek punitive damages if warranted after discovery.

b.     **<u>Defendant</u>**:

Defendant does not seek damages at this time and denies that Plaintiff is entitled to the damages he seeks or to any relief in this action.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting**:

December 6, 2021.

**b.  Names of each participant and party he/she represented.**

Eric Maxfield appeared on behalf of Plaintiff Jason Wright, and Robert Burgoyne appeared on behalf of Defendant National Board of Medical Examiners.

**c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

In accordance with the parties' stipulation pursuant to Fed. R. Civ. P. 26(a)(1)(C), disclosures will be exchanged by January 7, 2022.  Counsel for the parties have agreed that, and good cause exists for, the short delay in producing initial disclosures given Defendant's pending motion to dismiss, Plaintiff's intention to file an amended complaint, and upcoming holidays.

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

See above.

**e.  Statement concerning any agreements to conduct informal discovery:**

The parties agree to discuss, in good faith, any proposals to conduct informal discovery as opportunities for such arise.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system for any motions for summary judgment and/or trial. The parties agree to provide Word versions of discovery requests and to restate requests when responding to requests.

The parties agree to serve all discovery requests and responses by email and to accept service of discovery requests and responses by email.  The parties further agree that responses to discovery requests served by email are due within 30 days of service, without adding three days to the response period as otherwise provided under Fed. R. Civ. P. 6(d).

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties agree that there will not be extensive discovery of electronically stored information. Any records that exist in electronic format will be produced in pdf format.

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have been discussing potential settlement and are currently considering whether to request an early neutral evaluation with a Magistrate Judge to assist their efforts. The parties have had preliminary settlement discussions and are open to ongoing settlement dialogue.

## 7.  CONSENT

The parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8.  DISCOVERY LIMITATIONS

a.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties have agreed to the presumptive number of non-expert depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) (up to ten depositions).  The parties have further agreed to the presumptive limit on interrogatories set forth in Fed. R. Civ. P. 33(a)(1) (25 interrogatories).

b.  **Limitations which any party proposes on the length of depositions.**

The parties agree to the presumptive limit on the length of depositions set forth in Fed. R. Civ. P. 30(d)(1) (one day of seven hours).

c.  **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to a limit of 25 requests for production and 25 requests for admission.

**d**. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Requests for Admission:**

30 days before the discovery cut-off for fact discovery.

**e.  Other planning or discovery orders:**

The parties request that the Court stay discovery pending resolution of NBME's motion

to dismiss.

## 9.  CASE PLAN AND SCHEDULE

**a.        Deadline for Joinder of Parties and Amendment of Pleadings:**

December 20, 2021.  Good cause exists to extend the presumptive deadline. In particular,

while joinder of additional parties and amendment of factual allegations is not anticipated,

Plaintiff would like the opportunity to re-file the Complaint without a Section 504 claim.

Defendant consents to Plaintiff filing an amended complaint by or before December 20,

2021, to the extent Plaintiff amends the complaint to (1) remove the Section 504 claim and (2)

plead 28 U.S.C. § 1332 as a basis for the Court's jurisdiction.  For any other amendments,

Plaintiff will need to seek Defendant's written consent or leave of court pursuant to Fed. R. Civ.

P. 15(a)(2).

Given the holidays, Defendant's response to the amended complaint will be due January

10, 2022.

**b.        Discovery Cut-off**:

As discussed above, the parties request that the Court stay discovery pending resolution

of NBME's motion to dismiss, which may dispose of or narrow the issues in the case.  Defendant

anticipates filing a renewed motion to dismiss any amended complaint filed by Plaintiff.

If the Court wishes to set a discovery cut-off at this time, the parties request a fact discovery cut-off of six months from entry of an order on NBME's motion to dismiss, if the motion is denied in whole or in part, or alternatively, a fact discovery cut-off of September 15, 2022.  The parties request an expert discovery cut-off of one month after service of rebuttal expert reports, or alternatively, December 5, 2022.

      **c.**    **Dispositive Motion Deadline**:

As discussed above, the parties request that the Court stay discovery pending resolution of NBME's motion to dismiss (pending or renewed), which may dispose of or narrow the issues in the case.

If the Court wishes to set a discovery cut-off at this time, the parties request a dispositive motion deadline of one month after the close of expert discovery, or alternatively, January 5, 2023.

      **d.**    **Expert Witness Disclosure:**

1.    The parties anticipate expert testimony regarding the existence and nature of Plaintiff's claimed mental impairment(s) and alleged disability.

2.    The parties shall be limited to two experts per side, exclusive of any professionals who supported or reviewed Plaintiff's accommodation requests prior to the Defendant's decisions to deny the requests.

3.    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) within one month of the close of fact discovery, or alternatively, on or before October 14, 2022.

155069071.1

4.      The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) within three weeks of service of opening expert reports, or alternatively, on or before November 4, 2022.

**e.      Identification of persons to be deposed:**

**<u>Plaintiff:</u>**

F.R.C.P. 30(b)(6) deposition of Defendant; any professionals who supported or reviewed the accommodation request prior to the Defendant's decision to deny the request; others to be determined.

**<u>Defendant:</u>**

Plaintiff; Terri Lucero, Ph.D.; any other individuals who have evaluated and/or treated Plaintiff for his claimed impairment(s); others to be determined during discovery.

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:


b.      A final pretrial conference will be held in this case on _____ at _____ o'clock.  A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement**.

    None

b.  **Anticipated length of trial and whether trial is to the court or jury.**

    A trial to the Court is anticipated to last three to five days.

c.  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, LaPlata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301**.

    None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c). by submitting proof that a copy of the motion has been served upon the

moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or

Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this          day of December, 2021.

BY THE COURT:

_____

United States Magistrate Judge Wang

APPROVED:

s/ Eric Maxfield                                        s/ Lindsey E. Dunn
Eric Maxfield                                           Lindsey E. Dunn
ERIC MAXFIELD LAW, LLC                                  PERKINS COIE LLP
3223 Arapahoe Ave., Suite 300                           1900 Sixteenth Street, Suite 1400
Boulder, CO  80303                                      Denver, CO 80202-5255
Tel.: 303-502-7849                                      Tel:  303-291-2300
Email: Eric@ericmaxfieldlaw.com                         Email:  LDunn@perkinscoie.com

Counsel for Plaintiff                                   Counsel for Defendant