**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1-21-cv-02319

JASON WRIGHT,

Plaintiff

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.

**RESPONSE TO NBME'S MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT**

Plaintiff Jason Wright, by and through his counsel, Eric Maxfield, hereby submits this Response to Defendant National Board of Medical Examiners (NBME) Motion to Dismiss Plaintiff's First Amended Complaint. The complaint is for violations of Title III of the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA"). Defendant NBME filed its Motion to Dismiss under F.R.C.P. 12(b)(1) and (6). NBME's Motion to Dismiss should be denied for the following reasons.

This case results from Mr. Wright's request for and the NBME's denial of accommodations in testing required for Mr. Wright to demonstrate his qualifications to be a physician. The test, the United States Medical Licensing Examination ("USMLE") Step 3, is the final test in a series offered by NBME, required by medical boards in order for aspiring physicians like Mr. Wright to launch their nascent medical careers. The NBME's denial of Mr. Wright's request for testing accommodations violated the requirements of Title III of the Americans with Disabilities Act and the Colorado Anti-Discrimination Act.

1

Mr. Wright passed the USMLE Step one and the two sub-parts of Step 2. Complaint ¶ 30-37. He has taken the Step 3 test four times without passing, having requested and been denied accommodations including extra time on the last two attempts. Id. ¶ 40, MTD p. 3. Mr. Wright sought accommodations after failing to pass the Step 3 test two times, on the recommendation of his assessing psychologist Dr. Lucero, Psy.D. Complaint ¶ 23-25. Dr. Lucero recommended accommodations in standardized high stakes tests like the USMLE Step 3 in light of Mr. Wright's disabilities, including Specific Learning Disorder, with Impairment in Reading (deficits in reading fluency, and reading comprehension, Reading rate at 3rd percentile, Reading Comprehension at 12th percentile on timed tasks); Attention Deficit/Hyperactivity Disorder, Inattentive Type, Mild; and Other Specified Depressive Disorder, which cause him to have difficulty with reading comprehension under timed conditions. Id.

The NBME avers that examinees are ineligible to take the USMLE if they have made "four or more attempts at a USMLE Step and have not passed the examination." MTD p. 3. The NBME adopted this policy after Mr. Wright made his second request for accommodations, and before he sat for his fourth attempt at the Step 3 exam without accommodation. According to the NBME, the only way it will permit him to sit for the exam again (without accommodation unless ordered by this Court), is if he asks a state medical board to petition the USMLE Secretariat to allow the examinee an additional attempt. Id. The NBME states that the only way that he may sit for the Step 3 exam again is if a petition is submitted by a state medical board on his behalf and granted by the USMLE Secretariat. Id.

Mr. Wright was wrongfully denied accommodation on his October, 2021 (4th) un-accommodated attempt at USMLE Step 3. He sought accommodations and petitioned this Court and the 10th Circuit Court of Appeals for an emergency injunction ordering accommodation. Both courts denied his petitions. As of November, 2022, Mr. Wright would pass the ten year limit set

by the Colorado Medical Board in its rules for taking and passing (absent and exception) the exam. 3 CCR 713-17: 17.2(D)(1),(E),(F). Colorado is Mr. Wright's home and the place where he intends to practice medicine when he becomes a licensed physician. Complaint ¶ 15, 38, 46. Mr. Wright was therefore faced with a choice: Forgo the exam in October, and accept that he might not then be able to obtain an exemption from the Colorado Medical Board from its ten-year limit, or at least attempt the test, even without accommodation, on the chance that his disabilities related to timed reading comprehension would not interfere with his communication of his abilities, particularly his medical knowledge.

The NBME's arguments fail because he adequately plead his ADA claim, it is neither moot nor ripe. Mr. Wright's CADA claim survives the motion because the NBME is a place of public accommodation, and because he does not need to exhaust administrative remedies in order to avail himself of the protections of the Act.

**I. Rule 8(a)(2), Rule 12(b)(1), and Rule 12(b)(6) Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." Id. 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content. Id. at 686. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept as well pleaded facts in the complaint as true and view them in the light most favorable to plaintiff.

3

*Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019). For the following reasons related to justiciability, Mr. Wright's First Amended Complaint adequately pleads an ADA claim.

The mootness justiciability doctrine seeks to prevent a plaintiff from asserting a claim too late when the plaintiff no longer has a personal stake in the outcome because of a change of circumstances. Ripeness arises when a plaintiff's suit is premature because the plaintiff's injury has not yet occurred, it is speculative or may never occur. Essentially, justiciability seeks to address whether a court possesses the ability to provide adequate resolution of a dispute; where a court believes that it cannot offer such a final determination, the matter is not justiciable.

Federal courts lack subject matter jurisdiction over moot cases. *See Already, LLC v. Nike Inc.*, 568 U.S. 85, 90-91 (2013) (a moot case is no longer a "case" or "controversy" for purposes of Article III); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot."). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotations omitted; quoting *Campbell-Ewald Co. v Gomez*, 577 U.S. 153 (2016)). Likewise, if a claim is not ripe, a court should dismiss it for lack of subject matter jurisdiction. *See Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013) ("Both standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute.") (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

**II. Mr. Wright's Title III Americans with Disabilities Act claim is not moot and is ripe.**

The NBME alleges that this court lacks subject matter jurisdiction due to events subsequent to the filing of the Complaint. However, the court retains subject matter jurisdiction

4

because Mr. Wright maintains a cognizable interest in the outcome of the case. Mr. Wright seeks, as a remedy to the litigation, an order that the denial of accommodation violates the ADA; that the NBME be required to provide the accommodation, and that the NBME be required to provide the accommodation on future attempts of the USMLE Step 3. Mr. Wright included this in his prayer for relief in his Complaint and First Amended Complaint.

The NBME's own policy, adopted after his request for accommodation, should not be permitted to block this outcome, required under the ADA's Title III. Otherwise, any public accommodation covered by the ADA's Title III provision would be able to state, after receiving a request, that the access the individual seeks to the accommodation is the last available chance. In the event an accommodation is unjustifiably denied, such an outcome would permit a public accommodation like the NBME to forestall any claims involving accommodations where the plaintiff went ahead and attempted the test without accommodation. The ADA provides, at 42 U.S.C. § 12188(a): "… *Nothing in this section shall require a person with a disability to engage in a futile gesture* if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." (*emphasis added*). Here, Mr. Wright had good reason to at least attempt the test, even without accommodation. He had completed the required studies to prepare for the exam, had passed the prerequisite Step 1 and Step 2 (both sub-parts), and has not alleged that the only way that he can pass is to be accommodated. Rather, he alleges that the accommodation places him on even footing with other test takers, allowing him to demonstrate his medical knowledge (the purpose of the test) rather than his ability to read and comprehend quickly under timed conditions (not the purpose of the test). He has studied medicine and seeks only the opportunity to prove that he has the requisite knowledge, and he has presented an appropriate accommodation request, backed by a qualified licensed professional. If this court declines to order the NBME to accommodate him in a Step 3 exam, Mr. Wright may still avail

5

himself of the opportunity to take the Step 3 exam again, or to ask that a medical board ask the NBME's secretariat for another opportunity to take the Step 3. It is part and parcel of Mr. Wright's accommodation request for administration of the USMLE Step 3 exam that the accommodation include waiving any counting against a maximum-allowed number of exams, the exams taken without accommodation. In other words, this detail of the accommodation is implied by necessity; necessity created by the acts of the NBME. To the extent it was implied, it is now explicit.

As noted by the NBME, the remedies provision for the ADA at Title III is found at 42 U.S.C. § 12188(a), which in turn adopts the remedies set forth in 42 U.S.C. § 2000a-3(a). These remedies include:

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved… .

Mr. Wright seeks an order that the NBME has violated the ADA, and that it must provide him with the USMLE Step 3 exam, with accommodations. This includes an injunction and therefore is "preventive" relief.

Mr. Wright has plead at every juncture his abiding intent to continue seeking a medical license, and to take the Step 3 exam as needed with accommodations. His interest remains live, and this Court has the authority to provide a proper remedy. As a result, the NBME's motion should be dismissed.

Additionally, if Mr. Wright had not taken the Step 3 exam without accommodations, he would have exceeded the ten-year deadline in Colorado Medical Board rule. 3 CCR 713-17: 17.2(D)(1),(E),(F). The Medical Board provides in rule for an exception to the ten-year limit, but

such exceptions are granted in the sole discretion of the Board, are not granted on an advisory basis, and are speculative. Therefore, it was reasonable for Mr. Wright to take the Step 3 exam in the hopes of passing, even without accommodation.

Mr. Wright's recent attempt was one identified in the complaint, but he did not limit his prayer to that single test, and likewise so indicated in his emergency motion. Most critically, Mr. Wright requires accommodation, was denied accommodation, and his failure to pass the Step 3 is evidence from which one may draw an inference that an accommodation may have provided the necessary time to fully participate in the exam, and thereby pass it, demonstrating his medical knowledge. To be clear, Mr. Wright is asking only to take the exam in a manner that allows him to demonstrate his knowledge.

The NBME should not be able to invent, by belated creation of policy, a mechanism to bar Mr. Wright from becoming a physician, after he has properly requested a reasonable accommodation. The NBME is attempting to retroactively apply its policy, to create a mootness/ripeness issue to fend off this litigation. The NBME's denial of accommodation was improper, and Mr. Wright should be able to sit, with accommodations, for the Step 3. Therefore, the NBME's motion should be denied.

Application to a medical board for a waiver is premature. This court should order the Step 3 test, with the accommodation recommended by Dr. Lucero, Psy.D., Mr. Wright's qualified, professionally licensed assessor. There is no need at this time for a test waiver. The NBME concedes that Mr. Wright may ask a medical board to petition the NBME Secretariat to take the Step 3 exam again. Mr. Wright may do so, is qualified to do so, but such request would be premature at this time. Now Mr. Wright has challenged the NBME's denial of accommodation, on the October, 2021 sitting and future sittings of the USMLE Step 3 exam. He has adequately pleaded his intention to take the test until he passes, has stated that he needs accommodation in

order to be on the same playing field with other aspiring licensed physicians, and has asked this court to order the NBME to provide accommodations in testing on any future attempt at the USMLE Step 3 exam. As a result, the NBME's motion should be dismissed.

Even if the Court decides it could dismiss the ADA claim, the Court should allow Mr. Wright to file an amended complaint within thirty days from the date of the Court's Order. See *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") Defendant NBME cannot demonstrate that any defects are incurable or that Mr. Wright is unwilling or unable to amend in a manner that would avoid dismissal.

### III. The NBME is a "public accommodation" under the Colorado Anti Discrimination Act.

The NBME falls within the definition of public accommodation under the plain reading of the Act. Even if the court views the language as ambiguous, the remedial purpose of the act demonstrates that the intent is to cover entities like the NMBE. *303 Creative LLC v. Elenis*, 385 F. Supp. 3d 1147 (D. Colo. 2019) (Subsection (2) is supported by an important, indeed, compelling state interest in discouraging discrimination against protected groups.).

Contrary to the NBME's assertion, § 24-34-601(1) does not define "place of public accommodation". Rather, it describes some examples of public accommodations, in non-exclusive list format, by using words such as "including but not limited to", "an educational institution". Under any fair reading of the statute, the NBME is an educational institution, as it tests knowledge for professional licensure. And the NBME's focus on "place" is misplaced. First, it controls and

8

contracts for the administration of the USMLE Step 3 in Colorado, and it alone determines whether Mr. Wright will be accommodated there.

Moreover, section 24-34-301(5.1), C.R.S., the definition section of the CADA, provides: "Place of public accommodation" or "public accommodation" has the same meaning as set forth in Title III of the federal "Americans with Disabilities Act of 1990", 42 U.S.C. sec. 12181 (7), and its related amendments and implementing regulations. Subsection (j) includes: "a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education." Title III of the ADA, which is enforced by the U.S. Department of Justice, states in pertinent part, "It is discriminatory to fail to make reasonable modifications to policies, practices, and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §12182(b)(2)(A)(ii). The Department of Justice regulations mandate that a private entity offering examinations modify its examinations as necessary to ensure full and equal access to persons with disabilities, including through the provision of extra time to permit completion. 28 C.F.R. §§ 36.309(b) & (c). This is broad enough to cover the NBME under the ADA, and likewise under CADA. The subsection of Title III describing prohibited disability discrimination explicitly includes examinations related to licensing at 42 U.S.C. § 12189, but, contrary to the NBME's position, it is simply a subset of public accommodations. "Public Accommodations" are the only entities covered by the ADA's Title III. Put another way, there are no non-public accommodations covered by Title III. For these reasons, the NBME is a public accommodation under CADA. As a result, the NBME's motion should be denied.

**IV. Mr. Wright is not required to exhaust administrative remedies under the CADA.**

The CADA's plain language provides that he may seek relief in court without filing an administrative complaint. Granted, as the NBME points out, § 24-34-306(14), C.R.S. provides:

9

> No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him under this part 3 unless he shows, in an action filed in the appropriate district court, by clear and convincing evidence, his ill health which is of such a nature that pursuing administrative remedies would not provide timely and reasonable relief and would cause irreparable harm.

However, this general requirement is subject to modification by a more specific requirement. *Washington Water Power Co. v. FERC*, 249 U.S. App. D.C. 255, 775 F.2d 305, 323 (1985) ("a special act prevails in effect over more general acts"), and see *B.G.'s, Inc. v. Gross*, 23 P.3d 691, 696 (Colo. 2001) (when statutes dealing with the same subject cannot be reconciled, a more specific statute prevails as an exception to a general one). The NBME cites to *Brooke v. Restaurant Services, Inc.,* 906 P.2d 66, 70 (Colo. 1995), for the proposition that "[A]dministrative remedies under the Act must be exhausted … for claims filed pursuant to the Act." However, the claim in *Brooke* did not involve the application of the CADA's section 8, applicable here.

Section 24-34-601, C.R.S. is to be read in conjunction with section 24-34-802(2), C.R.S., which provides:

> (a) An individual with a disability, as defined in section 24-34-301 (5.6), who is subject to a violation of subsection (1) of this section or of section 24-34-502, 24-34-502.2, 24-34-601, or 24-34-803 based on the individual's disability may bring a civil suit in a court of competent jurisdiction and, except as provided in section 24-85-103, is entitled to any of the following remedies:
> (I) A court order requiring compliance with the provisions of the applicable section;
> (II) The recovery of actual monetary damages; or
> (III) A statutory fine of three thousand five hundred dollars, payable to each plaintiff for each violation.

This section of the CADA spells out that Mr. Wright, as a result of the unjustified denial of his accommodation request, "may bring a civil suit in a court of competent jurisdiction and"… is entitled to a court order, recovery of actual monetary damages, or a fine of three thousand five hundred dollars for each violation. Id. Sections 6 and 8 of CADA are more specific than the

general provision of section 3. Moreover, nowhere in this specific statute does it state that an administrative complaint is a prerequisite to file in court.

In contrast, the CADA's employment section provides: "Any charge alleging a violation of this part 4 shall be filed with the commission pursuant to section 24-34-306 within six months after the alleged discriminatory or unfair employment practice occurred, and if not so filed, it shall be barred." § 24-34-403, C.R.S. Such language is specific and mandatory, and in the CADA employment section 4 there is no exception. However, the General Assembly knew how to write exceptions into CADA and crafted them for both the housing and public accommodation sections. For Fair Housing, section 24-34-504 provides: "(1) Any charge alleging a violation of this part 5 shall be filed with the commission pursuant to section 24-34-306 within one year after the alleged unfair housing practice occurred, or it shall be barred." And § 24-34-505.6 provides: "(3) Notwithstanding any provision of this article to the contrary, an aggrieved person may commence a civil action under this section whether or not a charge has been filed under section 24-34-306… ." This specific direction exempts a housing claim from administrative exhaustion.

Meanwhile, the public accommodation corollary to the employment filing deadline provides: "Any charge filed with the commission alleging a violation of this part 6 shall be filed pursuant to section 24-34-306 within sixty days after the alleged discriminatory act occurred, and if not so filed, it shall be barred." § 24-34-604, C.R.S. Note the difference: for the employment section 24-34-403, cited above, "*any* charge alleging a violation of this part 4 shall be filed with the commission." (emphasis added). But under the public accommodation statute it provides that a complaint with the Commission shall be filed within sixty days. This is distinct from the employment provisions mandating that *any* charge alleging a violation shall be file with the Commission. When read in conjunction with the specific provision in § 24-34-802(2), C.R.S., it is plain that no exhaustion of administrative remedies is required. It is true that a claim not filed with

11

the Colorado Civil Rights Commission within sixty days of the discrimination is barred. However, that is not the same as requiring exhaustion or administrative remedies. Here, Mr. Wright properly availed himself of a statutory right to file his CADA claim in U.S. District Court without first filing and administrative complaint with the Colorado Civil Rights Commission. Consequently, the NBME's motion should be denied.

Alternatively, even if Mr. Wright is required to exhaust administrative remedies under CADA, he should be permitted to do so and this case should not be dismissed with prejudice.

WHEREFORE, for the foregoing reasons Mr. Wright prays that this Honorable Court deny the NBME's Motion to Dismiss in all respects. In the event that the Court deems that it could grant Defendant NBME's Motion to Dismiss as to the ADA claim, Mr. Wright prays that this Court allow Plaintiff to file an amended complaint within thirty days from the date of the Court's Order to cure pleading deficiencies. If this Court dismisses the CADA claim, it should do so without prejudice.

Respectfully Submitted,

*/s/  Eric Maxfield              .          *
ERIC MAXFIELD, Colo. #29485
Eric Maxfield Law, LLC
3223 Arapahoe Ave., Suite 300
Boulder, CO 80303
Phone: (303) 502-7849
eric@ericmaxfieldlaw.com
Attorney for Plaintiff Jason Wright

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Eric Maxfield     *

Date:  February 2, 2022

## CERTIFICATE OF SERVICE

I certify that a true copy of this Response to NBME's Motion to Dismiss First Amended Complaint was provided to counsel for Defendant National Board of Medical Examiners on this 2nd day of February, 2022 by the Court's electronic filing system to the following:

Robert Burgoyne, Esq.
Lindsey Dunn, Esq.
Perkins Coie, LLP

/s/ Eric Maxfield