## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02319

JASON WRIGHT,

        Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

        Defendant.

---

## NBME'S REPLY IN SUPPORT OF ITS
## MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

---

Contrary to what he argues,[1] Mr. Wright's claims under the Americans with Disabilities Act and the Colorado Anti-Discrimination Act cannot survive NBME's motion to dismiss.

MR. Wright's ADA claim seeking testing accommodations on Step 3 of the United States Medical Licensing Examination ("USMLE") is moot with respect to past examinations and not ripe with respect to any future test administration because he is not currently eligible to re-test and might never be eligible. The ADA claim should therefore be dismissed without prejudice for lack of subject matter jurisdiction.[2]

---

[1] *See* Pl.'s Response to NBME's Motion to Dismiss First Am. Complaint ("Opp. Br.") (Dkt. 40).

[2] Mr. Wright filed this lawsuit in August 2021. In September, he sought a preliminary injunction that, if granted, would have required NBME to provide him with accommodations on the Step 3 exam that he was scheduled to take in October 2021. The Court denied the motion, holding that he was not likely to succeed on his ADA claim because he had not shown that he is disabled within the meaning of the ADA. *See* Dkt. 15. Dr. Wright appealed and filed a motion for a preliminary injunction pending appeal, which the Tenth Circuit denied.

His CADA claim fails because NBME is not a "public accommodation" subject to the statute and, even if the statute applied, Mr. Wright failed to exhaust administrative remedies. The CADA claim should therefore be dismissed with prejudice.

**I.**     **The Court Lacks Subject Matter Jurisdiction Over Mr. Wright's ADA Claim**

Mr. Wright took the Step 3 exam in October 2021 and he did not pass.[3]  He has now taken Step 3 four times without passing and, under USMLE criteria that apply to all examinees, he is not eligible to retake the test unless a state medical board elects to sponsor him.  Buono Decl. (Dkt. 36-1) ¶ 5.[4]  He can ask a state medical board to submit a petition on his behalf to allow a one-time additional attempt at Step 3, but he admits that he has not made such a request.  Opp. Br. 7.  He is therefore currently ineligible to re-take Step 3.

Mr. Wright acknowledges that federal courts lack subject matter jurisdiction over moot claims, that a court should also dismiss a claim for lack of subject matter jurisdiction if it is not ripe, and that the plaintiff bears the burden of establishing subject matter jurisdiction—indeed, Mr. Wright copies verbatim NBME's statement of these controlling legal standards in his brief.  *See* Opp. Br. 4.  Mr. Wright, however, attempts to argue around the straightforward application of these standards to the facts of this case.

---

[3] According to Mr. Wright, he "had good reason to at least attempt the test, even without accommodation.  He had completed the required studies to prepare for the exam, had passed the prerequisite Step 1 and Step 2 (both sub-parts), and has not alleged that the only way that he can pass is to be accommodated."  Opp. Br. 5.

[4] NBME inadvertently omitted Exhibit A to Ms. Buono's declaration when it filed its motion to dismiss.  NBME provided Mr. Wright's counsel with a copy of this document on January 25, 2022, and a copy is included for the Court at Exhibit A hereto.

155774240.1

Mr. Wright first suggests that NBME improperly crafted the four-attempt limit in response to this litigation and to keep Mr. Wright from becoming a physician. *See* Opp. Br. 5, 7. This unsupported argument is plainly incorrect. NBME announced that it would be adopting a four-attempt limit in February 2020, Buono Decl. ¶ 6, well before this litigation was filed. The policy went into effect on July 1, 2021 and applies to all examinees. *Id.* ¶ 5. The USMLE Composite Committee changed the number of allowed attempts to protect the integrity of the exam and to more closely match the USMLE's attempt limits to limits imposed by the majority of state medical boards, *see* "Attempt Limit," *at* https://www.usmle.org/common-questions/attempt-limit, not because of this litigation or testing accommodation requests generally.

Examinees were on notice of this policy change before Mr. Wright submitted his March 2021 accommodation request to NBME, before he filed this lawsuit, and before he chose to test a fourth time without accommodations in October 2021. *See* Buono Decl. ¶ 6. He could have waited to test a fourth time until this litigation ended, but he elected to test in October. Mr. Wright suggests he needed to test in October because of a ten-year limit to pass all USMLE Steps under Colorado Medical Board rules, Opp. Br. 6, but he appears to be subject to a *seven-year* time limit under the Rules, *see* 3 CCR 713 17:100-17.2(D), and that period had already run. The ten-year limit applies to applicants who are enrolled in a joint Ph.D./M.D. program and therefore is not applicable to Mr. Wright. In all events, regardless of his motivation, it is undisputed that Mr. Wright took Step 3 a fourth time in October 2021. He is therefore currently ineligible to take it again under the applicable USMLE rules.

Mr. Wright next suggests that as long as he wants to continue to litigate, his claim is justiciable, not moot. Opp. Br. 7-8. He is wrong. A claim is moot if relief can no longer be given,

regardless of a litigant's desire to keep litigating. *See Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007). Here, Mr. Wright seeks accommodations on Step 3 of the USMLE. *See* First Amended Complaint ¶ 71, Prayer for Relief No. 4. The Court, however, cannot provide such relief for exams he has already taken. For exams taken in the past, his ADA claim is clearly moot. *See Kohn v. State Bar of Cal.*, 497 F. Supp. 3d 526, 533 (N.D. Cal. 2020).

And the claim is not ripe with respect to any future examination because Mr. Wright currently is ineligible to test again. *Cf. Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 916 (10th Cir. 2013) (unpublished) (holding that district court lacked subject matter jurisdiction over plaintiff's Title III ADA complaint against NBME because plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review"). Mr. Wright argues "[i]t is part and parcel of [his] accommodation request for administration of the USMLE Step 3 Exam that the accommodation include waiving any counting against a maximum-allowed number of exams, the exams taken without accommodations," Opp. Br. 6, but he does not request such relief in his complaint. Nor could he. The relevant ADA provision requires testing entities to administer their exams to disabled examinees in a place and manner that makes the exams accessible. *See* 42 U.S.C. § 12189. The attempt-limit policy does not relate to the condition and manner in which the test is administered, which means that no relief can properly be directed at that policy. Moreover, because the policy applies to all examinees and serves important program interests, it would not be a reasonable accommodation to waive the policy's application to a given examinee. *Cf. McGuinness v. Univ. of N.M. Sch. of Med.*, 170 F.3d 974, 979 (10th Cir. 1998) (in case arising under Titles I and II of the ADA, finding it would be an

"unreasonable accommodation" to require medical school to advance plaintiff with poor grades to the program's next level, against standard school policies).

Mr. Wright purports to seek leave to amend his complaint to cure any pleading deficiencies in his ADA claim, Opp. Br. 8, but he has not made a proper request to amend. *See Calderon v. Kansas Dept. of Social & Rehabilitative Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) ("[Plaintiff's single sentence, lacking a statement for the grounds for amendment and dangling at the end of her memorandum, did not rise to the level of a motion for leave to amend."). And even if his request were considered, it is futile given the uncontroverted facts. *Cf. Lyons v. Southwest Mem'l Hosp.*, No. 13-328, 2014 WL 1016039 (D. Colo. Mar. 17, 2014) (dismissing ADA claim for lack of subject matter jurisdiction based on failure to exhaust administrative remedies and rejecting plaintiff's proposed amended claim as futile).

Because Title III of the ADA only provides for preventive injunctive relief, targeting future acts of alleged discrimination, Mr. Wright cannot seek relief with respect to examinations he took in the past. And he cannot seek relief under the ADA regarding a possible future re-taking of the Step 3 exam because he is currently ineligible to retest, making any such claim unripe. *See* NBME Br. 7-8. Mr. Wright's ADA claim should therefore be dismissed for lack of subject matter jurisdiction.

## II.    Mr. Wright Cannot Pursue a Claim Under the CADA

Mr. Wright's attempt to salvage his CADA claim fares no better. NBME is not a public accommodation within the meaning of that statute and, in any event, he failed to exhaust administrative remedies.

155774240.1

A.      **NBME is not a "public accommodation" within the meaning of the CADA**

Mr. Wright makes conflicting—yet equally misguided—arguments in attempting to show that NBME is subject to the CADA.  On the one hand, he argues that "NBME falls within the definition of public accommodation under the plain reading of the Act," pointing to the inclusion of "educational institutions" in C.R.S. § 24-34-601(1).  Opp. Br. 8.  But NBME, a standardized testing entity, is clearly not "an educational institution."

Pivoting 360 degrees, Mr. Wright argues that C.R.S. § 24-34-601(1) "does not define 'place of public accommodation.'" Opp. Br. 8.  He is wrong again.  Under a heading titled "Discrimination in places of public accommodation—*definition*," the statute provides that "'place of public accommodation' *means* any place of business engaged in any sales to the public and any place offering services, facilities, privileges, advantages, or accommodations to the public …." (Emphases added).  This definition is easily applied here.  NBME is not a business engaged in sales to the public or a place offering services, facilities, privileges, advantages, or accommodations to the public and bears no resemblance to the categories of entities listed in the statutory definition. Therefore, NBME is not a place of public accommodation within the meaning of the CADA.

This conclusion is buttressed by the fact that NBME is not a public accommodation under the ADA.  Mr. Wright concedes that the terms "place of public accommodation" or "public accommodation" have the same meaning in the CADA and in the ADA. *See* Opp. Br.  9.  Testing entities are not included in the ADA's list of public accommodations, *see* 42 U.S.C. § 12181(7), and Mr. Wright does not argue otherwise.  Instead, he reiterates the argument that NBME is some sort of educational institution. Opp. Br. 9 (citing 42 U.S.C. § 12181(7)(j)). NBME, however, is not

a nursery, elementary, secondary, undergraduate, or postgraduate private school or other place of education within the meaning of Title III.  It is a standardized testing entity.  It also is not a facility generally open to the public at large.  *See Shepherd v. U.S. Olympic Committee*, 464 F. Supp. 2d 1072 (D. Colo. 2006) ("A 'place of public accommodation' for purposes of Title III is a facility generally open to the public at large, including restaurants, hotels, libraries, stores, theaters, stadiums, zoos, and the like.").

Mr. Wright's contrary argument is grounded in a misconception of the structure of Title III.  He contends that "'[p]ublic accommodations' are the only entities covered by the ADA's Title III," Opp. Br. 9, but that is incorrect.  The DOJ's implementing regulations make clear that three categories of entities are covered by Title III: (1) public accommodations; (2) commercial facilities; and (3) private entities that offer examinations.  *See* 28 C.F.R. § 36.102(a).  NBME falls in the third category and is subject to a specific provision in Title III applicable to private testing entities, 42 U.S.C. § 12189.  There is no analogous provision in the CADA.

NBME is not a public accommodation under the ADA or the CADA.

### B.    Mr. Wright did not exhaust administrative remedies

Even if NBME were subject to the CADA (and it is not), Mr. Wright would be barred from pursuing a CADA claim because he has not exhausted administrative remedies.  *See* C.R.S. § 24-34-306(14) ("No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him under this part 3…."); *see also Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66, 70 (Colo. 1995) ("[A]dministrative remedies under the Act must be exhausted…for claims filed pursuant to the Act.").

Mr. Wright argues that the limitation in C.R.S. § 24-34-306(14) is "modified" by C.R.S. § 24-34-802(2), which provides that a disabled individual who is subjected to a violation of C.R.S. § 24-34-601 (among other provisions) may bring a civil suit in court. Opp. Br. 10. More specifically, he argues that this more "specific" provision trumps the more "general" language in C.R.S. § 24-34-306(14). That interpretation, however, would improperly nullify § 24-34-306(14).

"Where two legislative acts may be construed to avoid inconsistency, the court is obligated to construe them in that manner." *People v. Steen*, 318 P.3d 487, 490 (Colo. 2014) (citations omitted). The provisions at issue here can be construed consistently with no difficulty. C.R.S. § 24-34-802(2) allows an individual who is subjected to an alleged violation of C.R.S. § 24-34-601 to bring an action and seek relief in court *after* exhausting his administrative remedies as required under C.R.S. § 24-34-306(14). To pursue a claim for violation of § 24-34-601 (which Mr. Wright purports to do in his First Amended Complaint, ¶¶ 85, 86, 87, and 89), a plaintiff must first exhaust administrative remedies as required by § 24-34-306(14). This straightforward reading is supported by the Court's general holding in *Zapata* that administrative exhaustion is required for a public accommodation disability discrimination claim under § 24-34-601. *See Zapata v. Colorado Christian Univ.*, No. 18-2529, 2019 WL 1544179 (D. Colo. Mar. 15, 2019), *rec. adopted*, 2019 WL 1533239 (D. Colo. Apr. 9, 2019).[5]

Finally, Mr. Wright's argument that "the General Assembly knew how to write exceptions in CADA" actually proves there is no exception to the exhaustion requirement here. Mr. Wright points to C.R.S. § 24-34-403 and claims this provision makes filing with the Commission

---

[5] Mr. Wright attempts to distinguish *Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66, 70 (Colo. 1995), Opp. Br. 10, but he ignores *Zapata*.

mandatory while the language in C.R.S. § 24-34-604 is permissive, but his argument ignores the language in C.R.S. § 24-34-306(14), which is applicable to all claims alleging violation of part 6 and mandates administrative exhaustion.  He also points to a carve-out in C.R.S. § 24-34-505.6 (which prohibits discriminatory housing practices), which explicitly states: "Notwithstanding any provision in this article to the contrary, an aggrieved person may commence a civil action under this section whether or not a charge has been filed under section 24-34-306…."  Opp. Br. 11.  But there is no such language in § 24-34-802(a) that would allow an action to be filed in court alleging a violation of § 24-34-601 "notwithstanding" the requirements of § 24-34-306(14).

Mr. Wright's CADA claim should therefore be dismissed, and the dismissal should be with prejudice.  Although he requests, in the alternative, that dismissal of his CADA claim be without prejudice so he can pursue administrative remedies, Opp. Br. 12, he is out of time to do so.  *See* NBME Br. 11.  Mr. Wright has not responded to this timing deficiency, and it should be deemed conceded.  *See Troudt v. Oracle Corp.*, No. 16-175, 2019 WL 1006019, at *12 (D. Colo. Mar. 1, 2019) ("[P]laintiffs essentially concede this argument by failing to address it at all in response to the motion for summary judgment.").

## CONCLUSION

Mr. Wright's Complaint should be dismissed.

DATED this 16th day of February, 2022.

Respectfully submitted,

**PERKINS COIE LLP**

By: s/ *Lindsey E. Dunn*
    Lindsey E. Dunn
    LDunn@perkinscoie.com
    Perkins Coie LLP
    1900 Sixteenth Street, Suite 1400
    Denver, CO 80202-5255
    Telephone: 303.291.2300
    Facsimile: 303.291.2400

Attorneys for National Board of Medical
Examiners

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ *Lindsey E. Dunn*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

- Eric H. Maxfield
  eric@ericmaxfieldlaw.com, Eric@ericmaxfieldlaw.com
  emaxfieldlaw@yahoo.com

s/ *Lindsey E. Dunn*
Lindsey E. Dunn
LDunn@perkinscoie.com
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**Attorneys for National Board of Medical Examiners**

155774240.1