**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02319-DDD-KLM

JASON WRIGHT,

      Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

      Defendant.

**NBME'S MOTION FOR A STAY
PENDING A DECISION ON ITS MOTION TO DISMISS**

      Defendant National Board of Medical Examiners ("NBME") respectfully moves for a stay of discovery and a concomitant stay of the other pretrial deadlines in this action pending a decision on its motion to dismiss.  If NBME's pending motion to dismiss is granted, it will dispose of the remaining claims in this litigation.  Thus, a stay of discovery would conserve the resources of the parties and the Court and is otherwise appropriate under the relevant factors.

**BACKGROUND**

      Plaintiff Jason Wright ("Dr. Wright") filed this action on August 27, 2021, asserting claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Colorado Anti-Discrimination Act ("CADA"), based upon NBME's denial of his request for extra testing time on Step 3 of the United States Medical Licensing Examination ("USMLE"). (ECF No. 1 at

1.) Dr. Wright passed the first two Steps of the USMLE without accommodations, but he sought extra testing time after he was unable to pass Step 3.[1]

Shortly after filing his complaint, Dr. Wright filed an Emergency Motion for Preliminary Injunction. (ECF No. 8.) The stated basis for Dr. Wright's emergency motion was his need to take the Step 3 examination by November 9, 2021 "in order to pass all USMLE tests within ten years of sitting for the first USMLE test, as generally required by the Colorado Medical Board Rule 100 for medical licensure." (ECF 8-1 at 1.) NBME opposed the motion. (ECF No. 11.)

The Court denied Dr. Wright's motion for preliminary injunction by Order dated October 15, 2021. (ECF No. 15.) The Court found, among other things:

- "While Dr. Wright has provided evidence showing that his conditions likely make reading, studying, and taking tests like the USMLE more difficult for him than for most others seeking to become doctors, the evidence does not support the conclusion that he is substantially limited in comparison to the general population. And since it is the latter rather than the former that is required to establish disability under the ADA, he is not likely to succeed on his claim." (ECF 15 at 3-4.)

- "If this Court denies an injunction, Dr. Wright may well suffer harm. A lack of accommodations during the Step 3 test may well make passage less likely. Whether that amounts to legally irreparable harm, however, is not quite so clear. To begin with, Dr. Wright's argument that irreparable harm is presumed in ADA cases is not quite

---

[1] The USMLE assesses an examinee's ability to apply knowledge and principles, and to demonstrate fundamental skills, that constitute the basis of safe and effective patient care. (ECF No. 11 at 2.) Licensing authorities across the country rely upon the USMLE to help evaluate the qualifications of individuals seeking an initial license to practice medicine. (*Id.*)

-2-

correct. … And the emergency nature of this motion is questionable for three reasons. … Another problem is that the emergency nature of this litigation is at least in part due to Dr. Wright's own choices. …" (*Id.* at 18-19.)

- "To the extent he has shown likely irreparable harm, it is not clear that his harm outweighs the harm to the Board that would be caused by erroneously granting an injunction. … Providing unwarranted accommodations to Dr. Wright could undermine the exam process itself, and the scores of the other test-takers. …"  (*Id.* at 19-20.)

- "Because Dr. Wright has not met his burden on the other elements, the Court need not address the public interest element."  (*Id.* at 20.)

On October 18, 2021, Dr. Wright filed a notice of appeal of the preliminary injunction order.  Dr. Wright also sought an emergency preliminary injunction pending appeal from the U.S. Court of Appeals for the Tenth Circuit, which was denied on October 20, 2021.  On November 8, 2021, Dr. Wright moved to voluntarily dismiss his appeal, and his appeal was dismissed by order dated November 19, 2021.

On November 23, 2021, NBME filed a motion to dismiss the Complaint. (ECF No. 30.)

On December 9, 2021, the parties filed a Proposed Scheduling Order.  (ECF No. 31.)  In this proposed order, the parties requested "that the Court stay discovery pending resolution of NBME's motion to dismiss." *Id.* at 10.  Both parties recognized that NBME's motion to dismiss could dispose of or narrow the issues in the case.  *See id.* at 11 ("As discussed above, the parties request that the Court stay discovery pending resolution of NBME's motion to dismiss (pending or renewed), which may dispose of or narrow the issues in the case.")

Dr. Wright filed an amended complaint on December 14, 2021, voluntarily dropping his claim under the Rehabilitation Act. (ECF No. 32.)

Following a scheduling conference, the Court issued a Scheduling Order on December 16, 2021, which included discovery deadlines. (ECF No. 35.)

NBME filed a motion to dismiss Dr. Wright's amended complaint on December 22, 2021. (ECF No. 36.)  In its motion, NBME argued that (1) the Court lacks subject matter jurisdiction over Dr. Wright's ADA claim, based on events that occurred after he filed the complaint, and (2) Dr. Wright cannot pursue a claim under the CADA because NBME is not a "public accommodation" within the meaning of the statute and Dr. Wright did not exhaust his administrative remedies in any event.  *Id.* at 1.  If granted, NBME's motion to dismiss would dispose of the two remaining claims in this action.  Briefing on the motion to dismiss was complete on February 16, 2022.

On June 6, 2022, the parties filed a joint motion to extend the remaining pretrial deadlines in the Scheduling Order by three months, pending the Court's decision on NBME's motion to dismiss. (ECF No. 42.)  The parties noted that NBME's motion to dismiss is potentially dispositive of the remaining claims in the case, and they requested a three-month extension of discovery and other deadlines "[t]o conserve resources of the parties and the Court, and to allow time for a ruling on the pending motion to dismiss[.]"  *Id.* at 3.

The Court granted the parties' joint motion for extension of time by Minute Order dated July 7, 2022 (ECF No. 45.)  In its Order, the Court advised: "**No further extensions of these deadlines will be granted absent extraordinary circumstances.**  To the extent the Parties seek

-4-

to stay discovery in this case pending the resolution of the Motion to Dismiss, they should file a formal motion requesting that relief." *Id.* (original emphasis).

The current deadlines now in place are:

- Affirmative expert disclosures: November 15, 2022
- Rebuttal expert disclosures: December 15, 2022
- Fact discovery closes: December 15, 2022
- Expert discovery closes: February 15, 2023
- Dispositive motions: February 15, 2023
- Rule 702 motions: February 15, 2023

The parties have exchanged initial disclosures (including documents) pursuant to the Court's initial Scheduling Order. (ECF No. 35 at 8.) To date, neither party has served discovery requests.

On July 27, 2022, counsel for NBME conferred via email with counsel for Dr. Wright, asking whether he would join in a motion to stay discovery pending a ruling on NBME's motion to dismiss. On August 4, 2022, counsel for Dr. Wright indicated that Dr. Wright does not agree to a stay and would oppose a stay motion.

## **ARGUMENT**

A stay pending resolution of NBME's potentially dispositive motion to dismiss is warranted. "Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending." *Mariani v. Titeflex Corp.*, No. 13-cv-01720-MSK-KLM, 2013 WL 6688966, at *1 (D. Colo. Dec. 19, 2013) (citations omitted).

"Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Id.* (citations omitted).

The following factors are relevant to determining whether to grant a stay: "(1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery." *Carty-Mauk v. Elliott*, No. 12-cv-02117-REB-KLM, 2013 WL 1876773, at *1 (D. Colo. May 3, 2013) (citations omitted). These factors all favor a stay here.

First, Dr. Wright has not shown an interest in proceeding expeditiously with discovery, as he has not yet pursued any discovery, and he would not be prejudiced if discovery is delayed pending resolution of the motion to dismiss. Dr. Wright previously joined in a request to stay discovery pending resolution of NBME's motion to dismiss in the parties' joint proposed scheduling order (ECF No. 31 at 10, 11), and he also joined in NBME's request for an extension of the discovery deadlines pending a ruling on NBME's motion to dismiss (ECF No. 42). *See Carty-Mauk*, 2013 WL 1876773, at *2 n.1 ("Notably, Plaintiff has not objected to a continuation of the Scheduling Conference based on the fact that rulings are pending on two Motions to Dismiss …. This also tends to indicate that Plaintiff will not experience prejudice if a stay is imposed in this matter.").

Second, it would be an undue burden on NBME to proceed with discovery if its dispositive motion is ultimately granted. *See, e.g., Love Hobby, Inc. v. Flashcopter LLC*, No. 16-cv-00839-WJM-MEH, 2016 WL 11693689, at *2 (D. Colo. Aug. 22, 2016) ("[A]s the pending motion to

-6-

dismiss concerns the threshold issue of subject matter jurisdiction and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the Motion to dismiss."); *Genberg v. Porter*, No. 11-cv-02434-WYD-MEH, 2012 WL 640150, at * 2 (D. Colo. Feb. 27, 2012) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.") (citation omitted); *Abdulmutallab v. Sessions*, No. 17-cv-02493-RM-KMT, 2018 WL 11225175, at *2 (D. Colo. Feb. 8, 2018) ("[T]he court agrees with Defendants that proceeding with discovery may be wasteful, and thus may be a burden to Defendants, if the Motion to Dismiss and Motion for Partial Summary Judgment are granted.") (citations omitted).

Third, NBME's pending motion is potentially dispositive of the two remaining claims in this case, and "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed …." *Mariani*, 2013 WL 6688966, at *2; *cf. Abdulmutallab*, 2018 WL 11225175, at *2 ("[A]lthough the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have a large portion of the case subsequently dismissed on grounds raised in the motions to dismiss.") (citations omitted).

Fourth, the interests of nonparties also favor a stay. NBME is likely to seek discovery from Terri Lucero, Ph.D., the individual who evaluated Dr. Wright for purposes of his request for testing accommodations. It may also seek discovery from other third parties, such as the schools that Dr. Wright has attended, his prior employers, and other medical professionals who may have evaluated or treated him for the impairments that are identified as the basis for his request for

accommodations on the USMLE. Even reasonable third-party discovery requests impose some burden on their recipients, and a stay of discovery would obviate the need for such an imposition pending resolution of NBME's potentially dispositive motion to dismiss.

Fifth, NBME is a non-profit organization whose mission is to help protect the health of the public through the development and administration of high-quality examinations for health professionals. Given NBME's mission and the generally-recognized interest in "[a]voiding wasteful efforts by the Court," the public has an enhanced interest in an "efficient and just resolution" in this matter, *see Mariani*, 2013 WL 6688966, at *2, which a stay would provide.

In sum, all the relevant factors favor granting a stay in this action pending a ruling on NBME's motion to dismiss.

## CONCLUSION

For the foregoing reasons, NBME's motion for a stay should be granted.

Dated: August 24, 2022

                                              Respectfully submitted,

                                              **PERKINS COIE LLP**

                                              By: s/ *Lindsey E. Dunn*
                                              Lindsey E. Dunn
                                              LDunn@perkinscoie.com
                                              Perkins Coie LLP
                                              1900 Sixteenth Street, Suite 1400
                                              Denver, CO 80202-5255
                                              Telephone: 303.291.2300
                                              Facsimile: 303.291.2400

                                              Attorneys for Defendant NBME

-9-

## CERTIFICATE OF COMPLIANCE

Counsel for NBME hereby certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Counsel for NBME further certifies pursuant to Local Rule 7.1(a) that counsel for NBME reached out to counsel for Plaintiff by email to see if he would join in this motion. Counsel for Plaintiff declined to join the motion and stated that Plaintiff would oppose the motion.

Counsel for NBME further certifies pursuant to Local Rule 6.1 that a copy of this motion will be served contemporaneously on her client.

128946.0020\158038283

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Eric H. Maxfield
    eric@ericmaxfieldlaw.com

    s/ *Lindsey E. Dunn*
    Lindsey E. Dunn
    LDunn@perkinscoie.com
    Perkins Coie LLP
    1900 Sixteenth Street, Suite 1400
    Denver, CO 80202-5255
    Telephone: 303.291.2300
    Facsimile: 303.291.2400

    Attorneys for NBME

-10-