IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02319-DDD-KLM

JASON WRIGHT,

     Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **NBME's Motion for a Stay Pending a Decision on Its Motion to Dismiss** [#47] (the "Motion").  While the Motion [#47] indicates that Plaintiff does not agree to a stay and stated he would oppose a motion for stay, Plaintiff has not filed a response to the Motion [#47].

     By way of background, Plaintiff filed this action on August 27, 2021, asserting claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Colorado Anti-Discrimination Act ("CADA"), based upon NBME's denial of his request for extra testing time on Step 3 of the United States Medical Licensing Examination ("USMLE").  *See Compl.* [#1].  Plaintiff thereafter filed an Amended Complaint [#32] in which he dropped his claim under the Rehabilitation Act.  Defendant National Board of Medical Examiners ("NBME") then filed a Motion to Dismiss [#36] as to the two remaining claims, arguing that (1) the Court lacks subject matter jurisdiction over the ADA claim based on events that

occurred after the filing of the Complaint, and (2) Plaintiff may not pursue a claim under the CADA because NBME is not a "public accommodation" within the meaning of the statute and Plaintiff did not exhaust his administrative remedies.  *Id.* at 1.  If granted, NBME's Motion to Dismiss [#36] would dispose of the two remaining claims in this action.

Turning to the Court's analysis, although the stay of discovery and related proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Robert W. Thomas & Anne McDonald Thomas Trust v. First W. Trust Bank*, No. 11-cv-03333-WYD-KLM, 2012 WL 3400532, at *3 (D. Colo. Aug. 14, 2012); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994).  As one court noted, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (internal quotation omitted).  When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with the case.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

In this case, the Court first finds no potential prejudice to Plaintiff if a stay is granted. As noted earlier, Plaintiff did not file a response to the Motion [#47] and thus has not

asserted any basis for a finding of prejudice.   Moreover, in the parties' Proposed Scheduling Order [#31], both parties requested "that the Court stay discovery pending resolution of NBME's motion to dismiss[,]" as NBME's motion to dismiss could dispose of or narrow the issues in the case.  *Id.* at 10-11.  Finally, Defendant notes that Plaintiff has not shown an interest in proceeding expeditiously with discovery, as he has not yet pursued any discovery.  *Motion* [#47] at 6.

The Court also finds that it would be an undue burden on NBME, a non-profit corporation, to expend its resources and proceed with discovery if its dispositive motion is ultimately granted.  *See Motion* [#47] at 6-7; *Abdulmutallab v. Sessions*, No. 17-cv-02493-RM-KMT, 2018 WL 11225175, at *2 (D. Colo. Feb. 8, 2018) ("[T]he court agrees with Defendants that proceeding with discovery may be wasteful, and thus may be a burden to Defendants, if the Motion to Dismiss . . . [is] granted.") (citations omitted).   Moreover, as the Motion [#47] notes, Magistrate Judge Wang (the previous referral judge in this case) granted a joint motion that sought an extension of the deadlines, but advised in the Order that "No further extensions of these deadlines will be granted absent extraordinary circumstances." *See* Order [#45].  Thus, if a stay is not granted, the deadlines in place may expire before the Motion to Dismiss is ruled on, also causing an undue burden on NBME.

Based on the foregoing, the first and second factors weigh in favor of a stay.  With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"); *Abdulmutallab*, 2018 WL 11225175, at *2 ("[A]lthough the court has an

interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have a large portion of the case subsequently dismissed on grounds raised in the motions to dismiss.") (citations omitted).

With regard to the fourth factor, the Court finds that the interests of nonparties also favor a stay.  NBME asserts that is likely to seek discovery from Terri Lucero, Ph.D., the individual who evaluated Dr. Wright for purposes of his request for testing accommodations.  *Motion* [#47] at 7.  NBME may also seek discovery from other third parties, such as the schools that Dr. Wright has attended, his prior employers, and other medical professionals who may have evaluated or treated him for the impairments that are identified as the basis for his request for accommodations on the USMLE.  *Id*. at 7-8.  A stay of discovery would obviate the need for such an imposition on these nonparties pending resolution of NBME's potentially dispositive motion to dismiss.  Accordingly, the fourth factor also weighs in favor of a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of the Motion to Dismiss [#36] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#47] is **GRANTED**.  Discovery and the scheduling deadlines are **STAYED** pending resolution of NBME's Motion to Dismiss [#36].

Dated:  October 25, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge