# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Civil Action No. 1:21-cv-02319-DDD-KLM

JASON WRIGHT,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

## ORDER GRANTING IN PART MOTION TO DISMISS

Defendant National Board of Medical Examiners ("NBME") moves to dismiss Plaintiff Jason Wright's claims under the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA"). (Doc. 36.) Because it is not clear from the facts as alleged whether this Court has subject-matter jurisdiction, Dr. Wright's claims are dismissed without prejudice to filing a second amended complaint.

### BACKGROUND

Dr. Wright holds a bachelor's degree, two master's degrees, and a medical degree. His goal is to become a licensed physician in Colorado. (Doc. 32 ¶ 50.) After graduating from medical school, an individual aspiring to be a licensed physician in Colorado must pass the United States Medical Licensing Examination ("USMLE"), a series of three tests, within a set period of time. (Doc. 32 ¶ 19.)

- 1 -

From 2011 to 2013, Dr. Wright took Step 1, Step 2 Clinical Knowledge, and Step 2 Clinical Skills[1] of the USMLE without exam accommodations and passed all three. (Doc. 32 ¶¶ 30-37.) Dr. Wright passed Step 2 Clinical Knowledge on his second attempt. (*Id.* ¶ 36.) In 2017, Dr. Wright took Step 3 twice and did not pass on either attempt. (*Id.* ¶ 40.) The following year Dr. Wright filed his first request for test-taking accommodations with the Board. (*Id.* ¶ 41.) Dr. Wright's request followed a 2017 evaluation performed by Terri Lucero, a licensed clinical psychologist. (*Id.*) Dr. Lucero diagnosed Dr. Wright with Specific Learning Disorder, with impairment in reading comprehension. (*Id.* ¶ 23.) The Board denied Dr. Wright's 2018 request for accommodations. (*Id.* ¶ 42.) Dr. Wright then took the Step 3 exam without accommodations that year and again did not pass. (*Id.* ¶ 43.)

In 2020, Dr. Wright was again evaluated by Dr. Lucero. For a second time, Dr. Wright petitioned the Board for accommodations on the Step 3 exam, which was scheduled for October 21, 2021. (*Id.* ¶ 44.) The Board denied this petition. (*Id.* ¶ 45.) With the exam date approaching, Dr. Wright filed this action and an emergency motion for a preliminary injunction to receive accommodations on the upcoming Step 3 exam. (Doc. 8.) On October 15, 2020, I denied Dr. Wright's emergency motion for a preliminary injunction. (Doc. 15.) Dr. Wright tested on October 22 and 26, 2020 and did not pass. According to Colorado Medical Board Regulation 100, those who wish to be licensed to practice medicine must pass USMLE Step 3 within ten years of taking the USMLE Step 1 test. Dr. Wright took Step 1 on November 9, 2011. On November 9, 2021 he

---

[1] The USMLE used to consist of two components for Step 2: Step 2 Clinical Skills and Step 2 Clinical Knowledge. Step 2 Clinical Skills has been discontinued, and the USMLE now only consists of Step 1, Step 2 Clinical Knowledge, and Step 3. Dr. Wright, however, took Step 2 Clinical Skills while it was still a part of the USMLE.

exceeded the ten-year deadline. Dr. Wright filed an amended complaint against the Board on December 14, 2021. (Doc. 32.)[2] Dr. Wright has failed the Step 3 examination four times. Under current USMLE rules, examinees may not take the USMLE if they have failed four or more attempts at a USMLE Step. (Doc. 36-1 at 2.)[3] An examinee who exceeds the attempt limit can ask a state medical board to petition the USMLE Secretariat to allow the examinee another attempt at the exam. (*Id.*) Dr. Wright does not appear to have made such a petition.

## DISCUSSION

Dr. Wright filed this suit for violations of Title III of the ADA and the CADA. He alleges that the Board discriminated on the basis of disability when it failed to accommodate Dr. Wright's disability-related needs in its testing on the USMLE Step 3. He seeks an injunction requiring the Board to immediately provide specified testing accommodations at the USMLE Step 3 test, including at the October 20 and 25, 2021 test, and money damages. The Board argues that this Court does not have subject-matter jurisdiction over Dr. Wright's claims. At present, I agree.

---

[2] Dr. Wright's Amended Complaint does not note either that he took or failed his fourth attempt at the Step 3 test in October 2021 or that the ten-year deadline to pass all of his USMLE Steps passed prior to the filing of this complaint. The Amended Complaint was filed on December 14, 2021, well after Dr. Wright failed on his fourth attempt, but seeks relief including on the October 20 and 25, 2021 Step 3 test.

[3] Dr. Wright's Amended Complaint does not acknowledge the four-attempt rule. But this rule can be accurately and readily determined from the USMLE's publicly available eligibility criteria, *see* Fed'n of State Med. Bds. & Nat'l Bd. of Med. Exam'rs, *Eligibility*, USMLE, https://www.usmle.org/bulletin-information/eligibility (last visited Nov. 29, 2022), and it is therefore subject to judicial notice, *see* Fed. R. Evid. 201(b)(2). Dr. Wright does not dispute the existence of the rule, though he notes that it was adopted after he made his second request for accommodations and applied to take the Step 3 exam for the fourth time. (Doc. 40 at 2.)

Given the facts provided and relief requested on the face of the complaint, it is unclear if Dr. Wright's ADA claim is moot or unripe. And because the federal claim must be dismissed for that reason, I decline to exercise jurisdiction over the state claim.

## I. Subject-Matter Jurisdiction

Article III of the Constitution limits federal courts' subject-matter jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. The plaintiff bears the burden of establishing subject-matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Since courts of the United States "are courts of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). And a "federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction." *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).

Dr. Wright seeks injunctive relief under the ADA, 42 U.S.C. § 12188. The Board argues that this Court lacks subject-matter jurisdiction over Dr. Wright's ADA claim because there "is no existing case or controversy between Dr. Wright and NBME that would entitle him to preventive injunctive relief." (Doc. 36.) The Board argues that Dr. Wright's ADA claim is moot and is not ripe. A federal court does not have subject-matter jurisdictions over claims that are moot or unripe. I agree that on the face of Dr. Wright's Amended Complaint, it is unclear whether I retain subject-matter jurisdiction, and his ADA claim must be dismissed.

The Board argues that Dr. Wright's complaint is too late or too early: moot and not ripe. Federal courts lack subject-matter jurisdiction over cases that are moot. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir.2010). Mootness can generally be

described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189, (2000). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (quoting *Campbell-Ewald Co. v Gomez*, 577 U.S. 153 (2016)).

Ripeness is effectively the opposite side of the time frame: "The purpose of the ripeness doctrine is to prevent the premature adjudication of abstract claims." *United States v. Cabral*, 926 F.3d 687 (10th Cir. 2019). A ripeness analysis turns on two factors: (1) "fitness of the issue for judicial review," and (2) "the hardship to the parties from withholding review." *United States v. Bennett*, 823 F.3d 1316, 1326 (10th Cir. 2016). A claim "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1065 (10th Cir. 2012).

The Amended Complaint itself calls into question whether a court is presently able to redress the injury Dr. Wright complains of. Only preventive relief is available to private individuals under Title III of the ADA, as Dr. Wright recognizes. But while the complaint does seek injunctive and declaratory relief of the sort authorized by that statute, it does so almost entirely with a focus on Dr. Wright's efforts to take the Step 3 test in October 2021. (*See, e.g.*, Doc. 32 ¶¶ 28, 39, 46, 47, 52, 67, p. 14.) The Amended Complaint also explains that the October 2021 test was particularly important: because of a state licensing requirement, Dr. Wright had "a deadline of November 9, 2021 to take and pass the

USMLE Step 3." (*Id.* ¶ 39; *see also id.* ¶ 67 ("the last testing opportunity being October 20 and 25, 2021").)

This case was filed before those dates, but the Amended Complaint was filed in December 2021. So it was not possible, even at the time the Amended Complaint was filed, to provide the relief Dr. Wright sought: accommodations on the October 2021 Step 3 test. To the extent that is what the claim sought, then, it was and is moot.

Dr. Wright's response to the motion to dismiss concedes that it is too late to do anything about the October 2021 testing date, but says that it is at least implicit in the Amended Complaint that he would seek to take the test again, if he were to prevail and have a court order that he be given the accommodations he seeks. He points out that the ten-year deadline that expired before the Amended Complaint was filed can be extended by the state board for "good cause" and says that he would seek such an extension. The Board points out, however, that there is now an additional impediment to Dr. Wright's passing the Step 3 test: the new four-test limitation. (Doc. 36 at 6.) The Board argues that Dr. Wright's claims are not ripe because he is currently ineligible to test, and it is uncertain whether he will be able to test again in the future. (Doc. 36 at 7.) Dr. Wright's response explains his predicament and argues that he can seek an exception to that limit, as well, and that, should he prevail on the merits of his claim, I could simply order that the limit not be applied in his case. (*See* Doc. 40 at 6-8.) The Board contends that this is too contingent and speculative to amount to a live case or controversy.

While Dr. Wright does appear now to seek relief beyond the October 2021 testing dates, and may have adequate reasons that the ten-year and four-test limits can be overcome, the Amended Complaint

- 6 -

largely does not address future testing dates or those potential impediments to his taking the Step 3 test for a fifth time.

Dr. Wright's Amended Complaint does not on its face seek relief that can redress his injury at this time.[4] It is not obvious from the Amended Complaint whether Dr. Wright is pursuing the case to obtain actual redress for a legally cognizable injury, or merely to obtain an advisory court order on the subject. The Amended Complaint does not provide facts sufficient to ensure that Dr. Wright's injury will be redressed by a favorable decision, and is too speculative for me to exercise subject-matter jurisdiction over his claim. And to the extent his subsequent briefing has explained additional facts and rationales that would show why his ADA claim is neither moot nor unripe, it would be better to have those facts included in the operative complaint than to rely on them in resolving the motion to dismiss. Dr. Wright's ADA claim is therefore dismissed without prejudice, and he has until December 19, 2022 to file a second amended complaint, if he so chooses.

## II. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008) ("we have repeatedly recognized that this is the preferred practice"). Having dismissed Dr. Wright's federal claim, consistent with the preferred practice in the Tenth Circuit, I will, at this time, decline to exercise supplemental jurisdiction over

---

[4] Monetary relief is not available to private individuals under Title III of the ADA. *See Powell v. NBME*, 364 F.3d 79, 86 (2d Cir. 2004).

Dr. Wright's claim alleging violations of state law. The CADA claim is also dismissed without prejudice.

## CONCLUSION

It is ORDERED that:

NBME's Motion to Dismiss the First Amended Complaint (Doc. 36) is GRANTED IN PART. Dr. Wright's First Amended Complaint (Doc. 32) is DISMISSED WITHOUT PREJUDICE, and he may file a second amended complaint on or before December 19, 2022.

DATED: November 29, 2022         BY THE COURT:

                                 ̶D̶a̶n̶i̶e̶l̶ D. Domenico
                                 United States District Judge