## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1-21-cv-02319-DDD-KLM

JASON WRIGHT,

Plaintiff

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.

---

### SECOND AMENDED COMPLAINT

---

Plaintiff Jason Wright, by and through his counsel, Eric Maxfield, hereby submits this Second Amended Complaint against Defendant National Board of Medical Examiners (NBME) for violations of Title III of the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA"). The original Complaint was filed on August 27, 2021. A First Amended Complaint was filed on December 14, 2021, as a matter of course and with consent of the opposing party under F.R.C.P. 15(a)(1)(B) and (2). Defendant NBME filed a F.R.C.P. 12(b)(1) and (6) Motion to Dismiss on November 23, 2021. On November 29, 2022, the Court Ordered that Plaintiff Wright's claims are dismissed without prejudice to filing a Second Amended Complaint, by December 19, 2022.

### INTRODUCTION

1.      Mr. Wright brings this suit because Defendant NBME discriminated on the basis of disability when it failed to accommodate the disability-related needs of Mr. Wright in its testing on the United States

Medical Licensing Examination (USMLE) Step 3, as required by the Americans with Disabilities Act (ADA) and Colorado Anti-Discrimination Act (CADA).

2.      The discrimination challenged herein has deprived Plaintiff Mr. Wright, a person with disabilities, from taking the USMLE Step 3 test on a level playing field with his non-disabled peers.

3.      The NBME sponsors and administers the USMLE in Colorado.

4.      Defendant's failure to provide testing accommodations denies Mr. Wright the full participation required by the ADA, 42. U.S.C. § 12101, et. seq. as amended and CADA, 24-34-601 et seq., C.R.S., and therefore denies him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the NBME in its administration of the United States Medical Licensing Examination (USMLE) Step 3.

5.      Immediate and permanent injunctive relief is necessary to ensure that Plaintiff is no longer excluded from, deterred from or otherwise discriminated against in taking the USMLE Step 3. Due to the lack of reasonable accommodation, Mr. Wright's scores on the USMLE Step 3 do not accurately reflect his medical knowledge that is the purpose of the test. The USMLE Step 3 is not testing for reading speed, comprehension under time constraints, or the ability to test under time constraints.

6.      Defendant NBME has failed to provide the Plaintiff Mr. Wright with appropriate testing accommodations on the USMLE Step 3, which includes extended time (50%), distraction free or reduced test setting, and additional break time. Plaintiff furnished Defendant with extensive documentation of his disabilities and need for accommodations. Plaintiff brings this action to enforce his statutory rights to appropriate accommodations and equal educational and professional opportunities under the ADA and the CADA.

7.      Together with the Federation of State Medical Boards, NBME sponsors the USMLE program that NBME administers through a third-party vendor.

8.      The USMLE is a series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure.

9.      The NBME is required to provide reasonable testing accommodations on the USMLE to individuals with documented disabilities within the meaning of the ADA, 42 U.S.C. § 12189.

10.     The NBME denied Mr. Wright's request for testing accommodations on the United States Medical Licensing Examination (USMLE) Step 3.

<u>JURISDICTION AND VENUE</u>

11.     This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1343 for the federal law claim, and 28 U.S.C. § 1367 for the state law claim.

12.     This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1343 for the federal law claim, and 28 U.S.C. § 1367 for the state law claim.

13.     This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) and further relief pursuant to 28 U.S.C. § 2202.

14.     Because Mr. Wright's personal interest in his claims will span the entire case, this court has subject matter jurisdiction.

15.     This case is fit for judicial review and not contingent on any future events, and no intervening circumstance has existed or exists which could deprive Mr. Wright of a personal stake in the lawsuit at any point during the litigation.

16.     A remedy Mr. Wright is entitled to is an Order that he receive reasonable accommodations on the USMLE Step 3 test. If this Court finds that the ADA requires that Mr. Wright be reasonably accommodated in the USMLE Step 3 test, neither the four test limit adopted by the NBME in July, 2021, nor the ten year window in Colorado Medical Board Rules, could be applied to Mr. Wright without creating an independent violation of the ADA.

17.     Accordingly, this case presents a live controversy that will exist throughout the litigation and be fully redressable by this Court's decision.

18.      Specifically, if this Court finds that Mr. Wright was unlawfully denied accommodations in violation of the ADA on the 3rd and/or 4th times he sat for the test, then those sittings cannot be counted as "attempts" within the meaning of the NBME 4 attempt policy without creating independent violations of the ADA.

19.     Further, because Mr. Wright may have been able to pass the USMLE Step 3 Test within the ten—year Colorado Medical Board rule limit but for the unlawful denial of his requests for accommodations, it would be an independent violation of the ADA for the Colorado Medical Board to withhold its "good cause" exception in its rules under these circumstances.

20.     Finally, because Mr. Wright could choose to practice in any of the multiple states that do not have a  ten—year limit like the one in Colorado state rule applicable upon passing the USMLE Step 3 Test, a favorable decision in this case will allow Mr. Wright to take the Step 3 Test with appropriate accommodations and to then apply for licensure in any of the

states that do not impose the ten year limit. .

21.    Accordingly, an actual controversy exists between Mr. Wright and NBME which will necessarily be redressed by this court's decision on his claims.

22.    Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391.

<u>PARTIES</u>

23.    Plaintiff Jason Wright is a resident of Denver, Colorado. He is an individual with a disability because he is substantially limited in the major life activities of cognition, including reading.

24.    The NBME is a District of Columbia tax-exempt 501(c)(3) non-profit with its principal address at 3750 Market Street, Philadelphia, Pennsylvania.

25.    The NBME administers the USMLE Step 3 test throughout the country, including in Colorado.

26.    The NBME engages in business in Colorado and this judicial district and this action arises from those business activities.

<u>FACTUAL ALLEGATIONS</u>

27.    All three Steps of the USMLE must be passed before an individual with a medical doctor (M.D.) degree is eligible to apply for an unrestricted license to practice medicine in the United States.

28.    The USMLE is a series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure.

29.    Together with the Federation of State Medical Boards, NBME sponsors the USMLE program, and it administers the USMLE through a third-party vendor.

30.     The NBME is required to provide reasonable testing accommodations on the USMLE to individuals with documented disabilities within the meaning of the ADA, 42 U.S.C. § 12189.

31.     Mr. Wright has, according to licensed neuropsychologist Dr. Terri Lucero, Ph.D., under the Diagnostic Statistical Manual of Mental Disorders, V, Specific Learning Disorder, with Impairment in Reading (deficits in reading fluency, and reading comprehension – Reading rate at 3rd percentile, Reading Comprehension at 12th percentile on timed tasks); Attention Deficit/Hyperactivity Disorder, Inattentive Type, Mild; and Other Specified Depressive Disorder.

32.     Mr. Wright's disorders cause him to have a substantial and significant limitation on his cognitive abilities, resulting in significant impairment in reading, significantly impacting his reading fluency and reading comprehension on timed tasks such as timed tests.

33.     According to Dr. Lucero, Mr. Wright needs accommodations on timed tests in order to fully and equally participate in a way that accurately reflects his skill and knowledge:  **1. Extended Time** – It is recommended that Dr. Wright be allowed **Time and a Half on all portions of testing** in order to produce a performance on testing that is commensurate with his cognitive and academic abilities, and his practical skills in medical care. An evaluation of his performance on timed versus untimed reading comprehension tasks (summarized by Dr. Lucero) revealed that he has a reading rate that is substantially below average and that his reading comprehension is consistently compromised under timed conditions. **2. Separate Quiet Environment** – Dr. Wright's ADHD, despite treatment with stimulant medication, leaves him susceptible to being distracted by environmental cues and will do best if allowed to take tests in **a separate, quiet environment free from typical distractions of the standard classroom or testing setting.  3. Additional, Stop-the-Clock or Extended Breaks** – The extra time and effort needed to complete reading tasks can be quite draining and cause fatigue that may further negatively impact Mr.

Wright's performance. He would benefit from being allowed to take **extra, stop-the-clock, or extended breaks during testing.**

34.     Mr. Wright provided NBME with documentation of prior approval of testing accommodations of 50% additional time, by the University of Denver.

35.     Mr. Wright provided the NBME with documentation, including the updated comprehensive assessment of Dr. Terri Lucero, Ph.D., licensed neuropsychologist, dated January 23, 2021, in support of her diagnoses of Mr. Wright, her opinion of his substantial limitations, and her opinion of his need for testing accommodations.

36.     The documentation provided by Plaintiff in support of his request for accommodations is the type of documentation called for by NBME's written accommodation policies.

37.     The NBME never conducted an in-person assessment of Mr. Wright but relied exclusively on a paper review in denying accommodations.

38.     Mr. Wright has a medical doctorate (M.D.) degree, obtained on March 31, 2014 from Ross University School of Medicine.

39.     Mr. Wright passed the USMLE Step 1 on November 9, 2011.

40.     The USMLE Step 2 includes a Clinical Knowledge and a Clinical Skills test.

41.     The USMLE Step 2 Clinical Knowledge (CK) test is a timed multiple choice question test.

42.     The USMLE Step 2 Clinical Skills (CS) test assesses hands-on clinical skills using mock patient interactions.

43.     The USMLE Step 2 Clinical Skills (CS) test includes time-limitations on the pre—patient—interaction (e.g., reading mock patient background information), patient interaction (i.e., time allowed to examine each mock patient), and post-interaction (e.g., time allowed to write a medical note, including the most likely diagnosis and management plan).

44.     Mr. Wright failed at his first attempt at taking the USMLE Step 2 Clinical Knowledge (CK) test, in 2013, without accommodations.

45.     Mr. Wright passed the USMLE Step 2 Clinical Knowledge (CK) test on his second attempt in 2013, with no accommodations.

46.     Mr. Wright passed the USMLE Step 2 Clinical Skills (CS) on his first attempt in 2013, with a score of PASS (scored as *pass/fail*), after testing with no accommodations.

47.     The USMLE Step 3 test must be passed in Colorado, according to Colorado Medical Board Regulation 100, within ten years of taking the USMLE Step 1 test, in order to be licensed to practice medicine. 3 CCR 713-17: 17.2(D)(1),(E),(F). The only exception for exceeding the time limit is if Mr. Wright demonstrates good cause for exceeding the term, and such exception is granted, in the sole discretion of the Colorado Medical Board. 3 CCR 713-17: 17.2(D)(2).

48.     The Colorado Medical Board does not provide advisory opinions to terminate a controversy or remove uncertainties. 3 CCR 713-2, (Board Rule 200), 2.2.B.4.

49.     The Colorado Medical Board does not provide declaratory opinions to terminate a controversy or remove uncertainties if a petitioner has some other adequate legal remedy. 3 CCR 713-2, (Board Rule 200), 2.2.B.5.

50.     Asking the Colorado Medical Board for a declaratory order on whether it would provide an exception to its ten-year limit on successfully completing the USMLE Step tests would be asking for an advisory opinion or for a declaratory opinion to terminate a controversy or remove uncertainties when Mr. Wright has some other legal remedy, this suit for injunctive relief.

51.     The Colorado Medical Board stated on December 5, 2022 to Mr. Wright's counsel that, "[t]he Colorado Medical Boards [sic] Practice Act does not authorize the Board

to sponsor applicants for additional attempts on exams." The Board declined to ask the NBME for an exception to its July, 2021 attempt-limit policy.

52.    Mr. Wright plans to continue to seek a medical license in Colorado.

53.    Mr. Wright plans to seek a medical license in Florida, Hawaii, Maryland, and/or Ohio.

54.    Florida, Hawaii, Maryland, and/or Ohio do not have the time limit restrictions adopted by the Colorado Medical Board, or do not have the same exemptions to time limit requirements as the Colorado Medical Board.

55.    Mr. Wright took the USMLE Step 1 test on November 9, 2011, resulting in a deadline of November 9, 2021 to take and pass the USMLE Step 3, if he wished to come in under the Colorado Medical Board's ten-year deadline for completing each step, without an exception.

56.    Mr. Wright took and failed the USMLE Step 3 two times in 2017, without accommodations.

57.    Mr. Wright requested testing accommodations, including for extra time on the USMLE Step 3 test, in 2018.

58.    Mr. Wright provided supporting documentation for his 2018 request, from Dr. Lucero.

59.    On July 16, 2019, Defendant NBME denied Mr. Wright's request.

60.    Mr. Wright took and again failed the USMLE Step 3 test in 2019, without accommodations.

61.    Mr. Wright, through counsel, on March 29, 2021, requested testing accommodations on the USMLE Step 3. An updated comprehensive assessment from Dr.

9

Lucero and confirmation of the prior accommodation of extra testing time at the University of Denver were provided to the NBME.

62.    The NBME denied the 3/29/2021 request for testing accommodations on the USMLE Step 3 exam on June 28, 2021.

63.    On July 1, 2021, the NBME posted to its web site a new policy limiting applicants to 4 attempts at each USMLE Step.  Specifically, the following language was added to the NBME website:

> What is the USMLE policy on attempt limits?  The total number of attempts allowed per Step is four (4). Examinees who have attempted any USMLE Step (including Step 2 CS) four or more times and have not passed are ineligible to apply for USMLE Steps.
>
> Before July 2021, USMLE allowed six attempts per Step examination. Why did this change?  The USMLE Composite Committee, the governing body of USMLE, considers all aspects of the examination as they work to ensure that the program fulfills its mission to support medical licensing authorities in the United States. The committee voted to change the number of allowed attempts to protect the integrity of the exam and to more closely match the USMLE attempt limits imposed by the majority of state medical boards.
>
> As part of the review, the committee was also presented with information showing that it is uncommon for individuals with more than four repeated attempts on USMLE Steps to complete the examination sequence successfully, gain access to postgraduate training and ultimately receive a license to practice medicine in the United States.
>
> When did the change to the attempt limit policy take place? The policy change was effective for all applications submitted on or after July 1, 2021.

https://www.usmle.org/common-questions/attempt-limit (last viewed 12/13/22).

64.     By its own terms, the July, 2021 NBME attempt-limit policy does not apply to Mr. Wright because his application was submitted in 2011.

65.     The July, 2021 NBME attempt-limit policy does not apply to Mr. Wright because he reasonably relied on being able to take the Step 3 exam six times.

66.     The July, 2021 NBME attempt-limit policy has a negative, discriminatory, and disparate impact on individuals with disabilities.

67.     The July, 2021 NBME attempt-limit policy is retaliatory against Mr. Wright for assertion of his civil rights under the ADA and CADA, and for opposing the NBME's denial of reasonable accommodation.

68.     The July, 2021 NBME attempt-limit policy does not bar future test attempts by Mr. Wright because one or two of the times Mr. Wright sat for the USMLE Step 3 test, were not attempts, due to the unlawful denial of reasonable accommodation.

69.     Mr. Wright registered for the USMLE Step 3 test to be administered in Greenwood Village, Colorado on October 20 and 25, 2021.

70.     Absent an Order from this Court requiring reasonable accommodation on Mr. Wright's Emergency Motion for Preliminary Injunction, Mr. Wright again sat for the USMLE Step 3 test without accommodations. The Court denied Mr. Wright's Motion for Preliminary Injunction on October 15, 2021.

71.     Such test attendance in October of 2021 was not an attempt, because of the unlawful denial of reasonable accommodation by the NBME.

72.     Mr. Wright did not pass the USMLE Step 3 test in October, 2021.

73.     If Mr. Wright does not receive appropriate accommodations on the USMLE Step 3 test, his exam results will not reflect his aptitude and achievement level as required by law.

74.     Moreover, he may fail the examination due to an inability to appropriately complete the exam if given insufficient time to access and answer each question.

75.     Decreasing the time needed to take a mastery test such as the USMLE by, for example, refusing  a time accommodation for a person such as Plaintiff, is tantamount to increasing the difficulty of that test.

76.     By forcing an individual with a reading disability to adhere to prescribed time limits that do not allow him adequate time to process test information in effect makes the testing situation more difficult for him than for his peers.

77.     Another result of a lack of accommodation is that the exam does not test Mr. Wright's mastery of the subject but instead tests the level of disability.

78.     Accommodating the needs of Mr. Wright in relation to his disability is a means of equalizing test demands and ensuring that he has a fair chance to display his mastery, or lack thereof, of the required medical materials.

79.     Defendant's failure to provide testing accommodations denies Mr. Wright the full participation required by the ADA and CADA, and therefore denies him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the NBME in its administration of the United States Medical Licensing Examination (USMLE) Step 3.

80.     Defendant's failure to provide testing accommodations will cause harm to Mr. Wright's ability to become a licensed, practicing medical doctor. Mr. Wright has been denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodations of the USMLE Step 3 sponsored and administered by Defendant NBME because he has not been provided an accommodation of extra testing time; a distraction free environment, and additional, stop-the-clock time or extended breaks. Some of this harm will be irreparable.

81.     The harms described above are continuing and, unless enjoined by this Court, will continue in the future.

82.     Mr. Wright would like to be able to attend – and fully participate in –the USMLE Step 3 test without discrimination on the basis of disability in the future.

<u>FIRST CLAIM FOR RELIEF</u>
(Violation of Title III of the ADA)

83.     Plaintiff incorporates herein by reference all other paragraphs of this Complaint as if those allegations were set out explicitly herein.

84.     Title III of the ADA prohibits discrimination on the basis of disability by entities who own, operate, lease or lease to places of public accommodation.  42 U.S.C. § 12182 *et seq*.

85.     Mr. Wright is substantially limited in major life activities, including cognition. The limitation on cognition results in significant impairment in reading, significantly impacting his reading fluency and reading comprehension on timed tasks such as timed tests. As such, he is an individual with a disability within the meaning of the ADA.  42 U.S.C. § 12102.

86.     The NBME is a place of public accommodation as that term is used in Title III of the ADA.  42 U.S.C. § 12181(7).

87.     Defendant NBME owns, operates, sponsors, administers, and/or leases the USMLE tests. USMLE examinations are examinations related to applications and credentialing for postsecondary education, professional, and trade purposes, within the meaning of the ADA, 42 U.S.C. § 12189.

88.    The ADA, 42 U.S.C. § 12189, requires Defendant to offer these examinations in a manner accessible to persons with disabilities.

89.    Title III of the ADA, which is enforced by the U.S. Department of Justice, states in pertinent part, "It is discriminatory to fail to make reasonable modifications to policies, practices,and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §12182(b)(2)(A)(ii).

90.    The Department of Justice regulations mandate that a private entity offering examinations modify its examinations as necessary to ensure full and equal access to persons with disabilities, including through the provision of extra time to permit completion. 28 C.F.R. §§ 36.309(b) & (c).

91.    The Department of Justice Regulations prohibit Defendant from administering the USMLE examinations without ensuring that the scores reported "accurately reflect the applicant's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the applicant's [disability]." 28 C.F.R. § 36.309(b)(1)(i).

92.    The Department of Justice (DOJ) Regulations require that when considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids orservices received in similar testing situations, as well as such modifications, accommodations, related aids and services provided in response to a plan describing services. 28 C.F.R. §36.309(b)(1)(v). The DOJ's ADA Guidance further provides, "[r]eports from experts who have personal familiarity with the candidates should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment." 28 C.F.R. pt. 36, app. A, at 796.

93.     The NBME never conducted an in-person assessment of Mr. Wright but nonetheless denied two requests for testing accommodations.

94.     The DOJ's regulations require: "any request for documentation …is reasonable and limited to the need for the modification, accommodations, or auxiliary aid or service requested." 28 C.F.R. §36.309(b)(1)(iv).

95.     Defendant has discriminated, and continues to discriminate against Plaintiff on the basis of his disability by denying him an equal opportunity to demonstrate his aptitude and achievement level on the USMLE examinations in violation of the ADA, specifically 42 U.S.C. §12182, §12189 and 28 C.F.R. §36.309.

96.     Defendant's discriminatory policies and practices violate Plaintiff 's rights under the ADA and the regulations promulgated thereunder. Defendant's discriminatory policies and practices include but are not limited to: a) Failure to grant accommodations when Plaintiff submitted the requisite documentation and provided documentation of a history of a comparable accommodation with another academic institution. b) Failure to give considerable weight to Plaintiff's evaluator. c) Failure to provide a clear explanation for denial. d) Failure to offer examination in a place and manner that is accessible to individuals with disabilities and best ensures that the examination accurately reflects Plaintiff's aptitude, achievement level, or whatever other factor the examination purports to measure. e) Failure to engage in good faith in the interactive process to consider and implement effective accommodations to Plaintiff's disability. f) Failure to give considerable weight to Plaintiff's prior approval of accommodations at the University of Denver. g) Failure to consider Plaintiff's request for accommodations without regard to the ameliorative effects of mitigating measures. h) Failure to conduct a proper review and apply appropriate legal standards to Plaintiff's request for appropriate accommodations. i) Placing an extreme burden of proof, beyond what is required

by the ADA, to establish Plaintiff's disability or need for accommodations. j) Failing to respond in a timely manner to Plaintiff's requests for testing accommodations. k) Retaliating against Mr. Wright by adopting a July, 2021 attempt-limit policy upon his assertion of his ADA-civil right and/or opposition to the NBME's denial of accommodation. l) Limiting Mr. Wright's USMLE Step 3 attempts to four when he had not applied in the relevant time frame of the July, 2021 attempt-limit policy. m). Limiting Mr. Wright's USMLE Step 3 attempts to four when he reasonably relied on prior policy permitting six attempts.

97.     The Plaintiff will be and has been harmed because he has a clear risk of failing the USMLE Step 3 without reasonable accommodation. Moreover, he will be prevented from competing on a level playing field with other medical licensure applicants.

98.     Plaintiff will be harmed if the NBME continues its unlawful refusal to provide him the appropriate test accommodations as requested and unless this Court grants injunctive relief prohibiting the continued violation of Plaintiff's ADA rights and compelling the NBME to provide the requested accommodation, in that: a) Plaintiff's medical career may end because a passing score on the USMLE Step 3 is required for continuing his progress toward medical licensure, b) Given his history with prior examinations, Plaintiff is justifiably concerned that he may not pass the USMLE without the additional extra time accommodation to which he is entitled under the ADA. c) Plaintiff's opportunity to engage in his career of choice is effectively ended unless the NBME is compelled to comply with the ADA. d) Requiring Plaintiff to take the USMLE Step 3 without the extended time, distraction free environment, and additional breaks accommodations puts him at a distinct disadvantage given his disability; e) Reduced performance on the USMLE Step 3 as a result of not receiving his requested accommodation significantly reduces Plaintiff's future professional career options; f) absent a finding that he was wrongfully denied accommodations in testing and order requiring testing accommodations on a future USMLE Step 3 test, Mr. Wright will not be able

to demonstrate good cause to the Colorado Medical Board if he chooses to seek an exception to its time limitation for successfully completing all of the USMLE Step exams.

99.     The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, a balancing of harm favors granting the requested injunctive relief. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with opportunities equal to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which he is justly entitled.

100.     As a result of the NBME's violation of the ADA, Plaintiff has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

101.     NBME's conduct constitutes an ongoing and continuous violation of the ADA. Unless enjoined from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief under the ADA, 42 U.S.C. § 12188.

102.   The NBME is required to provide reasonable testing accommodations on the USMLE, including Step 3, to individuals with documented disabilities within the meaning of the ADA, 42 U.S.C. § 12189.

103. The denial by the NBME of the opportunity to sit for four *bona fide* attempts to pass the USMLE Step 3 is discriminatory, in violation of Title III of the ADA.

104.   Defendant has discriminated against Mr. Wright on the basis of his disability. Such discrimination includes but is not limited to the failure to provide reasonable testing accommodations.

105.   As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Mr. Wright on the basis of disability in the full and equal enjoyment of the USMLE in violation of Title III of the ADA and its implementing regulations.

## SECOND CLAIM FOR RELIEF
(Violation of the CADA)

106.   Plaintiff incorporates herein by reference all other paragraphs of this Complaint as if those allegations were set out explicitly herein.

107.   The Colorado Anti Discrimination Act (CADA) prohibits discrimination on the basis of disability by any place of business engaged in any sales to the public and any place offering services, facilities, privileges, advantages, or accommodations to the public. According to the CADA, It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual, because of disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.  § 24-34-601, C.R.S.

108.   Mr. Wright is substantially limited in major life activities, including cognition. The limitation on cognition results in significant impairment in reading, significantly impacting his reading fluency and reading comprehension on timed tasks such as timed tests. As such, he is an individual with a disability within the meaning of the CADA.  § 24-34-601, C.R.S.

109.   The NBME is a place of public accommodation as that term is used in the CADA. § 24-34-601, C.R.S.

110.   Defendant NBME engages in sales to the public and is a place offering services, facilities, privileges, advantages, or accommodations to the public by offering and administering the USMLE tests.

111.   The NBME is required to provide testing accommodations on the USMLE, including Step 3, to individuals with documented disabilities within the meaning of the CADA. § 24-34-601, C.R.S. Failure to provide required accommodations results in the Court's ability to Order compliance with the law; monetary damages, or a fine. § 24-34-802(2)(a), C.R.S.

112.   Defendant has discriminated against Mr. Wright on the basis of his disability. Such discrimination includes but is not limited to the failure to provide reasonable testing accommodations.

113.   As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Mr. Wright on the basis of disability in the full and equal enjoyment of the USMLE in violation of the CADA.

114.   As a proximate cause of NBME's discrimination, Mr. Wright suffers and continues to suffer harm including but not limited to actual monetary damages.

Plaintiff Demands a Trial by Jury.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests:

1.      That this Court assume jurisdiction;

2.      That this Court declare the actions and omissions of Defendant described in this Complaint to be in violation of Title III of the ADA and the CADA;

3.      That this Court enter an injunction ordering Defendant to cease discrimination on the basis of disability against Mr. Wright and to comply with the ADA and the CADA;

4.      That this Court enjoin Defendant to provide the following testing accommodations at one, two, three, or four future USMLE Step 3 tests:
        **1. Extended Time** –**Time and a Half on all portions of testing.**
        **2. Separate Quiet Environment** –**in a separate, quiet environment free from typical distractions of the standard classroom or testing setting.**
        **3. Additional, Stop-the-Clock or Extended Breaks** –**extra, stop-the-clock, or extended breaks during testing.**

5.    That this Court issue an Order awarding compensatory damages of not less than $100,000.00;

6.    That this Court issue an Order awarding monetary damages;

7.    That this Court award Plaintiff his reasonable attorneys' fees and costs; and

8.    That this Court award such additional or alternative relief as may be just,

proper, and equitable.


Respectfully Submitted,


*/s/  Eric Maxfield           .         *
ERIC MAXFIELD, Colo. #29485
Eric Maxfield Law, LLC
3223 Arapahoe Ave., Suite 300
Boulder, CO 80303
Phone: (303) 502-7849
eric@ericmaxfieldlaw.com
Attorney for Plaintiff Jason Wright


Date:  December 19, 2022

## CERTIFICATE OF SERVICE

I certify that a true copy of this Second Amended Complaint was provided to counsel for Defendant

National Board of Medical Examiners on this 19th day of December, 2022 by the Court's electronic

filing system to the following:

Robert Burgoyne, Esq.
Lindsey Dunn, Esq.
Perkins Coie, LLP