## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02319

JASON WRIGHT,

      Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

      Defendant.

---

### NBME'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

The National Board of Medical Examiners ("NBME") moves to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff Jason Wright ("Wright") filed this lawsuit in August 2021, claiming that NBME's denial of his request for extra testing time and other accommodations on Step 3 of the United States Medical Licensing Examination ("USMLE") violated the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA"). In September 2021, Wright sought emergency preliminary injunctive relief. (Dkt. 8). After his motion was denied (Dkt. 15), he took the examination in October 2021 for the fourth time and did not pass.

At that point, Wright was beyond the ten-year deadline for medical licensure in Colorado that was the basis for his motion for preliminary injunctive relief, and he was no longer eligible to take the Step 3 examination under USMLE criteria. Nevertheless, he continued to pursue this litigation. He filed a First Amended Complaint (Dkt. 32) on December 14, 2021, which NBME moved to dismiss based on lack of subject matter jurisdiction and failure to state a claim (Dkt. 36).

159721138.1

On November 29, 2022, the Court dismissed Wright's First Amended Complaint, finding it was "not clear from the facts as alleged whether this Court has subject-matter jurisdiction" over the ADA claim and declining to exercise supplemental jurisdiction over the CADA claim. *See* Order Granting in Part Motion to Dismiss ("Order") (Dkt. 50) at 1, 4. As the Court noted, Wright's allegations focused on his attempt to take the Step 3 test in October 2021, and represented that Wright had a November 9, 2021 deadline to take and pass the USMLE Step 3 exam under rules of the Colorado Medical Board. *Id.* at 5-6. NBME demonstrated in its motion to dismiss that Wright was ineligible to retake Step 3 because of the standard policy limiting all examinees to four attempts at passing a USMLE examination. *Id.* at 6. The Court acknowledged Wright's argument that he could seek a "good cause" exception to the ten-year deadline of the Colorado Medical Board and an exception to NBME's four-attempt limit or an order from the Court that the limit should not apply in his case, but concluded:

> While Dr. Wright does appear now to seek relief beyond the October 2021 testing dates, and may have adequate reasons that the ten-year and four-test limit can be overcome, the Amended Complaint largely does not address future testing dates or those potential impediments to his taking the Step 3 test for a fifth time.

*Id.* at 7. The Court therefore dismissed the ADA claim with leave to amend and declined to exercise supplemental jurisdiction over the CADA claim.

Wright has now filed a Second Amended Complaint. (Dkt. 51). His revised allegations, however, fail to overcome the jurisdictional issues identified in the Court's Order. The Second Amended Complaint should therefore be dismissed for the following reasons: (1) the Court lacks subject matter jurisdiction over Wright's ADA claim; (2) his new allegations targeting the four-attempt limit fail to state a claim under the ADA and thus do not create a live case or controversy; and (3) even if the Court exercised supplemental jurisdiction over the CADA claim, Wright cannot

-2-

pursue such a claim because NBME is not a "place of public accommodation" within the meaning of the statute and Wright did not exhaust his administrative remedies in any event.

## BACKGROUND

NBME co-sponsors the USMLE, a "series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure." Second Amended Complaint (Dkt. 51) ("Complaint") ¶¶ 7-8.[1] "NBME is required to provide reasonable testing accommodations on the USMLE" only if an individual has "documented disabilities within the meaning of the ADA, 42 U.S.C. § 12189." *Id.* ¶ 30.

Wright is a 2014 graduate of Ross University School of Medicine, *id.* ¶ 38, a Caribbean medical school. *See* https://medical.rossu.edu/. Wright took USMLE Step 1, Step 2 Clinical Knowledge ("Step 2 CK"), and Step 2 Clinical Skills ("Step 2 CS") without requesting accommodations and passed each test. *See id.* ¶¶ 39-46. He took the Step 3 examination two times without requesting accommodations, and he did not pass. *See id.* ¶ 56. In 2018, he sought testing accommodations, including extra testing time, for the first time. *See id.* ¶ 57. NBME denied his request.  *See id.* ¶ 59. Wright took Step 3 again in 2019 and did not pass.  *See id.* ¶ 60.

On March 29, 2021, Wright submitted another request for accommodations, through counsel. *See id.* ¶ 61. NBME denied his request.  *See id.* ¶ 62.

Wright filed this lawsuit in August 2021. In September 2021, he filed an emergency motion for preliminary injunction that, if granted, would have required NBME to provide him with all his requested accommodations on the Step 3 examination that he was scheduled to take in October

---

[1] NBME relies on the allegations of the Second Amended Complaint solely for the purpose of this motion to dismiss.

2021. The Court denied the motion. *See* ECF No. 15. Wright appealed and requested an injunction pending appeal from the Court of Appeals that would have given him his requested accommodations. The Court of Appeals denied his motion.  Wright tested in October 2021 without accommodations and did not pass. Complaint ¶¶ 70, 72.

Wright has now taken Step 3 four times without passing. Under applicable USMLE criteria, examinees are ineligible to take the USMLE if they have made four or more attempts at a USMLE Step and have not passed. Declaration of Amy Buono ("Buono Decl.") ¶ 5.[2]

An examinee who has exceeded the attempt limit may ask a state medical board to petition the USMLE Secretariat to allow an additional attempt. *Id.* ¶ 7. Wright therefore may contact a state medical board in a state where he would otherwise be eligible for licensure and request that the board petition on his behalf for a one-time additional attempt at the Step 3 examination. He would be eligible to re-take the Step 3 examination if such a petition were submitted on his behalf and granted by the USMLE program. *Id.* However, no such petition has been received by the USMLE Secretariat. *Id.* ¶ 8. Wright concedes that the Colorado Medical Board "declined to ask the NBME for an exception to its … attempt-limit policy." Complaint ¶ 51. And while Wright alleges that he "plans to seek a medical license in Florida, Hawaii, Maryland, and/or Ohio," *id.* ¶ 53, he does not allege that he has reached out to the medical board in any of these jurisdictions to have it petition

---

[2] NBME offers the Declaration of Amy Buono in support of its motion to dismiss Dr. Wright's ADA claim for lack of subject matter jurisdiction. "The court may review materials outside the pleadings without converting [a] Rule 12(b)(1) motion to dismiss into a motion for summary judgment."  *Silex West, LLC v. Bd. of Cty. Commissioners*, No. 21-00061, 2021 WL 4477326, at *2 (D. Colo. Sept. 30, 2021) (citation omitted).

159721138.1

on his behalf, and no such petition has been received by the USMLE Secretariat.  *See* Buono Decl. ¶ 9.  Wright thus remains ineligible to take Step 3.

## **ARGUMENT**

### I.      **Rule 8(a)(2), Rule 12(b)(1), and Rule 12(b)(6) Standards**

Federal courts lack subject matter jurisdiction over moot cases. *See Already, LLC v. Nike Inc.*, 568 U.S. 85, 90-91 (2013). Likewise, if a claim is not ripe, a court should dismiss it for lack of subject matter jurisdiction under Rule 12(b)(1). *See Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While this does not necessitate "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570. A facially plausible claim must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"When deciding a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff." *Adler v. Am. Home Mortg. Servicing, Inc.*, 882 F. Supp. 2d 1237, 1239-40 (D. Colo. 2012) (citation omitted). "Legal conclusions, however, do not receive this treatment." *Id.*

159721138.1

**II.      The Court Lacks Subject Matter Jurisdiction over Wright's ADA Claim.**

As the Court previously found, Wright's ADA claim is moot as to any request he made for accommodations on a *prior* administration of Step 3 of the USMLE. Order at 6.

With respect to any *future* administration of the Step 3 exam that Wright *might* become eligible to take (and as to which he *might* request accommodations), Wright's ADA claim is not ripe. The Second Amended Complaint, like the First Amended Complaint, "does not provide facts sufficient to ensure that Wright's injury will be redressed by a favorable decision, and is too speculative for [the Court] to exercise subject-matter jurisdiction over his claim." Order at 7. Indeed, the alleged facts confirm that Wright's claim is not ripe.

In assessing ripeness, the court evaluates "'(1) the fitness of the issue for judicial resolution and (2) the hardship to the parties of withholding judicial consideration.'" *Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 916 (10th Cir. 2013) (unpublished) (citation omitted). The first issue "requires that we ask whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks and citations omitted); *see also Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1065 (10th Cir. 2012). In assessing potential hardship to the parties, the court considers "'whether the challenged action creates a direct and immediate dilemma for the parties.'" *Cunningham*, 531 F. App'x at 916 (citations omitted).

Wright currently is ineligible to test again, *see* Buono Decl. ¶¶ 5, 8-9, with or without accommodations. The Court previously found that Wright's First Amended Complaint "largely does not address future testing dates or [the] potential impediments to his taking the Step 3 test for a fifth time," including NBME's four-attempt limit, Dkt. 50 at 6-7, and Wright's Second Amended

Complaint fails to correct or overcome these deficiencies. To the contrary, Wright acknowledges the four-attempt limit, Complaint ¶ 63, concedes that the Colorado Medical Board will not petition on his behalf for an exception to the four-attempt limit, *id.* ¶ 51, and does not state that he has asked any other state medical board to do so or that any other state medical board has agreed to do so, *see id.* ¶¶ 53-54. Given Wright's current ineligibility and the uncertainty over whether he will be able to test again in the future—as reflected in his own amended allegations—Wright's request for injunctive and declaratory relief regarding his entitlement to testing accommodations on a future Step 3 examination remains speculative and contingent and thus not ripe. *Cf. Cunningham* at 916-18 (holding that district court lacked subject matter jurisdiction over Title III ADA claim because plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review"); *Kober v. NBME*, No. 09-1772, 2010 WL 2342480, *2-3 (W.D. La. June 7, 2010) (dismissing Title III claim pursuant to Rule 12(b)(1) where plaintiff "has no request pending before the NBME").

Wright attempts to wriggle around the four-attempt limit, alleging it does not apply to him because "his application was submitted in 2011," he "reasonably relied on being able to take the Step 3 exam six times," it "has a negative, discriminatory, and disparate impact on individuals with disabilities," it is retaliatory, and/or not all his attempts should count because he was unlawfully denied accommodations. Complaint ¶¶ 64-68. This litany of conclusory allegations does not create a ripe claim. Wright would need to submit a new application to retake the Step 3 examination, and he is not currently eligible to do so. *See* Buono Decl. ¶¶ 5, 8-9; "Eligibility," *at*

https://www.usmle.org/bulletin-information/eligibility.[3] And his complaints about past tests are simply a repackaged attempt to challenge NBME's prior accommodation decisions, not a claim for forward-looking, preventive relief related to a future testing accommodation request that is cognizable under Title III. *See* Order at 5 ("Only preventive relief is available to individuals under Title III of the ADA, as Dr. Wright acknowledges."). At bottom, Wright improperly conflates NBME's standard eligibility criteria with the testing accommodation issue that is the actual subject of his ADA claim. As the Tenth Circuit has recognized, "a person who fails to satisfy lawful, nondiscriminatory requirements or qualifications for the benefit lacks standing to raise claims of discrimination in the denial of the benefit." *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590, 593 (10th Cir. 1996)); *cf. Roe No. 2 v. Ogden*, 253 F.3d 1225, 1230 (10th Cir. 2001) (finding law student's alleged injury related to questions on bar application were redressable because he was eligible to apply for admission). Wright has attempted to challenge the eligibility requirement itself, but his conclusory allegations fail to state a claim. *See infra* Section III. Wright is ineligible to test, and his ADA claim should be dismissed for lack of subject matter jurisdiction.

## III.    Wright Fails to State an ADA Claim Based on the Four-Attempt Test Limit

In an apparent effort to avoid the standing problem presented by operation of NBME's four-attempt limit, Wright has expanded his ADA claim to challenge the following allegedly "discriminatory policies and practices:"

> (1)    "Retaliating against Dr. Wright by adopting a July, 2021 attempt-limit policy upon his assertion of his ADA-civil right and/or opposition to the NBME's denial of accommodation."

---

[3] The Court previously took judicial notice of USMLE eligibility criteria set out in the Bulletin of Information. *See* Order at 3 n.3.

> (2)    "Limiting Dr. Wright's USMLE Step 3 attempts to four when he had not applied in the relevant time frame of the July, 2021 attempt-limit policy."
>
> (3)    "Limiting Dr. Wright's USMLE Step 3 attempts to four when he reasonably relied on prior policy permitting six attempts."

Complaint ¶ 96(k)-(m). Wright has failed to state a claim related to any of these allegations.

With respect to the first add-on charge, a retaliation claim would fall under Title IV of the statute, 42 U.S.C. § 12203(a), but Wright attempts to shoehorn this allegation into his Title III claim. *See* Complaint ¶ 96(k). And the claim fails in all events. "'To state a claim of retaliation under the ADA, the plaintiff must allege '(1) that [he] engaged in protected opposition to discrimination, (2) that a reasonable [person] would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Stratton v. United Launch Alliance, L.L.C.*, No. 13-1756, 2014 WL 3644565, *3 (D. Colo. July 23, 2014) (citation omitted). Assuming solely for this motion that the four-attempt limit is a "materially adverse action," there are no factual allegations to support Wright's conclusory claim that the four-attempt limit applicable to all examinees was somehow adopted in response to Wright's "assertion of his ADA-civil right and/or opposition to the NBME's denial of accommodation." Complaint ¶ 96(m). To the contrary, Wright's allegations reflect that the USMLE Composite Committee "voted to change the number of allowed attempts to protect the integrity of the exam and to more closely match the USMLE attempt limits imposed by the majority of state medical boards." *Id.* ¶ 63. Wright has not, and cannot, allege a causal connection between the alleged protected activity and any alleged materially adverse action by NBME; therefore, he has failed to state a claim for retaliation under the ADA. *See, e.g., Hackborn v. Hansen*, No. 19-2679, 2022 WL 391809, *3 (D. Colo. Feb. 9, 2022) (finding plaintiff "fail[ed] to

sufficiently articulate a causal connection between filing his ADA complaint and being moved to different levels of security and facilities to demonstrate retaliation"); *Smith v. City of New York*, No. 15-4493, 2016 WL 4574924, *11 (S.D.N.Y. Sept. 1, 2016) ("Plaintiff's allegations do not support an inference that the medical staff on duty [who allegedly took adverse action] even knew about the prior litigation [alleged to be 'protected activity'], much less that the litigation was the *cause* of the alleged adverse actions.").

Wright's remaining add-on claims are also readily disposed of. Wright seems to allege that, because his first Step 3 attempt occurred prior to July 2021, the four-attempt limit does not apply to him. *See* Complaint ¶¶ 64, 96(l). That reading of the policy is simply incorrect (*see supra* Section II), and, in any event, is a dispute about the operation of NBME's policy that any candidate could raise, not an ADA claim based on his alleged impairment. Likewise, Wright's "reasonable reliance" allegation also fails to plead any type of ADA violation, as his alleged reliance again has nothing to do with his claimed impairment and could be raised by any examinee who claims to have relied on eligibility criteria that is no longer in place. *See* Complaint ¶¶ 65, 96(m).

Wright's new allegations made in an attempt to avoid the four-attempt limit fail to state a claim under the ADA.

## IV.   Wright Cannot Pursue a Claim Under the CADA

Wright asserts that NBME violated the CADA in denying his accommodation requests, but he cannot pursue a CADA claim against NBME. NBME is not a "place of public accommodation" within the meaning of the statute and, in any event, Wright failed to exhaust his administrative remedies before filing suit.

A.    **NBME is not a "place of public accommodation" within the meaning of the CADA**

The CADA provides: "It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability … the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation …." C.R.S. § 24-34-601(2)(a). The statute defines a "place of public accommodation" as "any *place* of business engaged in any sales to the public and any *place* offering services, facilities, privileges, advantages, or accommodations to the public," C.R.S. § 24-34-601(1) (emphases added), and includes a non-exhaustive list of subject entities, including hotels, restaurants, retail stores, sports facilities, and schools, *see id.*

Wright alleges that "NBME engages in sales to the public and is a place offering services, facilities, privileges, advantages, or accommodations to the public by offering and administering the USMLE tests." Complaint ¶ 110. But he is simply parroting the language of the statute. He does not plead any facts to show that NBME is a place that sells goods or services to the public. And other allegations in his complaint make clear that NBME offers the USMLE only to a narrow universe of individuals who are eligible to take the test, not to members of the general public. *See* Complaint ¶¶ 8, 27-29. NBME is a private, non-profit corporation that co-sponsors an examination used for medical licensure. It bears no resemblance to the myriad of places listed as a "place of public accommodation" within the meaning of the CADA.

This conclusion is bolstered by the fact that NBME is not a "public accommodation" within the meaning of the ADA. *See* C.R.S. § 24-34-301(5.1) ("'Place of public accommodation' or 'public accommodation' has the same meaning as set forth in Title III of the federal 'Americans with Disabilities Act of 1990 ….'"). The statutory provision in Title III that addresses "public

-11-

accommodations" is 42 U.S.C. § 12182, and "public accommodation" is defined in 42 U.S.C. § 12181. The statute identifies twelve exclusive categories of entities that qualify as public accommodations within the meaning of the ADA, and private testing entities like NBME are not among those categories. *See* 42 U.S.C. § 12181(7). Instead, "private entities" like NBME are governed by a separate provision in Title III, 42 U.S.C. § 12189. The implementing regulations for Title III also make clear that private testing entities like NBME are distinct from public accommodations under the ADA. *See* 28 C.F.R. § 36.102(a) ("This part applies to any—(1) Public accommodation; (2) Commercial facility; or (3) Private entity that offers examinations….").

**B.      Even if the CADA applied, Wright did not exhaust his administrative remedies under the CADA**

Wright is barred from pursuing his CADA claim in all events because he has not exhausted his administrative remedies. *See* C.R.S. § 24-34-306(14) ("No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him under this part 3 unless he shows, in an action filed in the appropriate district court, by clear and convincing evidence, his ill health which is of such a nature that pursuing administrative remedies would not provide timely and reasonable relief and would cause irreparable harm."); *see also Brooke v. Restaurant Services, Inc.*, 906 P.2d 66, 70 (Colo. 1995) ("[A]dministrative remedies under the Act must be exhausted … for claims filed pursuant to the Act."). Wright "fails to allege that [he] filed a charge of discrimination and received a notice of right to sue from the division," so his claim is barred under the statute. *See Zapata v. Colorado Christian Univ.*, No. 18-2529, 2019 WL 1544179, *7 (D. Colo. Mar. 15, 2019), *rec. adopted*, 2019 WL 1533239 (D. Colo. Apr.

-12-

9, 2019).[4] His CADA claim should be dismissed, either under Rule 12(b)(1) for lack of subject matter jurisdiction, *Jackson v. Denver*, No. 11-2293, 2012 WL 4355556 (D. Colo. Sept. 24, 2012), or under Rule 12(b)(6), *Zapata*, 2019 WL 1544179, *2 n.1.

This dismissal should be with prejudice. The CADA requires that "any charge filed with the commission alleging a violation of [the public accommodation provisions] shall be filed … within sixty days after the alleged discriminatory act occurred, and if not so filed, it shall be barred." C.R.S. § 24-34-604. NBME's alleged discriminatory act was its decision to deny Dr. Wright's request for accommodations on the Step 3 exam. *Cf. Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) ("[T]he only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to Ricks. That is so even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later."); *Almond v. Unified Sch. Dist. #501*, 665 F.3d 1174, 1177-79 (10th Cir. 2011). NBME informed Wright of its decision with respect to his first request for accommodations on the Step 3 examination on July 16, 2019. Assuming for present purposes that NBME's decision on Wright's second request for accommodations on the Step 3 examination is treated as a new claim under CADA, NBME informed Wright of its decision with respect to his second request on June 28, 2021. Complaint ¶¶ 61-62. Wright is therefore out of time to file a claim with the Commission with respect to either decision.

---

[4] Although Wright references C.R.S. § 24-34-802(2)(a) for the relief purportedly available under that section, the predicate for his claim is C.R.S. § 24-34-601, which requires administrative exhaustion.

Wright's CADA claim should be dismissed with prejudice, because NBME is not a public accommodation under the statute and/or Wright failed to exhaust his administrative remedies.

## **CONCLUSION**

Wright's Complaint should be dismissed in its entirety. His CADA claim should be dismissed with prejudice.

DATED this 24th day of January, 2023.

Respectfully submitted,

**PERKINS COIE LLP**


By: s/ *Lindsey E. Dunn*
     Lindsey E. Dunn
     LDunn@perkinscoie.com
     Perkins Coie LLP
     1900 Sixteenth Street, Suite 1400
     Denver, CO 80202-5255
     Telephone: 303.291.2300
     Facsimile: 303.291.2400


     Attorneys for National Board of Medical Examiners


I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ *Lindsey E. Dunn*

## **CERTIFICATE OF CONFERRAL**

Pursuant to DDD Civ. P.S. III(D)(1), counsel for NBME certify that they conferred with counsel for Plaintiff regarding NBME's motion to dismiss. Counsel did not reach agreement on the sufficiency of plaintiff's allegations.

-14-

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

- Eric H. Maxfield
  eric@ericmaxfieldlaw.com, Eric@ericmaxfieldlaw.com
  emaxfieldlaw@yahoo.com

s/ *Lindsey E. Dunn*
Lindsey E. Dunn
LDunn@perkinscoie.com
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**Attorneys for National Board of Medical Examiners**