IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02319

JASON WRIGHT,

        Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

        Defendant.

**REPLY BRIEF IN SUPPORT OF NBME'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**I.    Dr. Wright fails to show that the Court has subject matter jurisdiction over his ADA claim.**

Dr. Wright argues that his ADA "claim centers around the denial of his requests for accommodation." Pl. Resp. to NBME's Mot. to Dismiss (Dkt. 61) ("Pl. Resp.") at 6. But those requests related to past administrations of the test. Therefore, his argument that "the legal fulcrum of this case is whether Mr. Wright's third and fourth sittings [for Step 3 of the USMLE], where NBME [allegedly] wrongly denied accommodations in violation of the ADA, constituted attempts within the meaning of the four-attempt limit," *id.* at 2, describes a backwards-looking claim that does not fit with the forward-looking preventive injunctive relief available under the ADA. *See* Order Granting in Part Motion to Dismiss (Dkt. 50) ("Order") at 5 ("Only preventive relief is available to private individuals under Title III of the ADA…."); *id.* at 6 (finding ADA claim moot to the extent it sought accommodations on October 2021 test); *see also Kohn v. State Bar of California*, 497 F. Supp. 3d 526, 533 (N.D. Cal. 2020) ("In this case, defendants have administered

the October 2020 Bar Exam and any request for declaratory or injunctive relief pertaining to that Exam is necessarily moot.").

Dr. Wright's current argument also is not consistent with the Second Amended Complaint, which seeks accommodations on a future administration of the test as relief for his ADA claim. *See, e.g.,* Second Amended Complaint (Dkt. 51) ¶ 97 ("The Plaintiff will be and has been harmed because he has a clear risk of failing the USMLE Step 3 without reasonable accommodations."); *id.* ¶ 98 ("Plaintiff will be harmed if the NBME continues its unlawful refusal to provide him the appropriate test accommodations as requested and unless this Court grants injunctive relief prohibiting the continuing violation of Plaintiff's ADA rights and compelling the NBME to provide the requested accommodation…."); *id.* ¶ 99 ("The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which he is justly entitled.").

With regard to his request for accommodations on a future administration of the test, which is the type of forward-looking relief that is ordinarily available as a remedy in a testing accommodation dispute, Plaintiff is not eligible to take the USMLE again due to a generally-applicable policy limiting all examinees to four attempts at testing; thus, he does not have standing to seek this relief. *See* NBME Mot. (Dkt. 53) at 6-8. The Tenth Circuit's analysis in *Wilson v. Glenwood Properties* plainly applies here. *See id.* at 8. Dr. Wright "fails to satisfy lawful, nondiscriminatory requirements or qualifications" for taking the USMLE, and therefore "lacks standing to raise claims of discrimination in the denial" of accommodation on the test. 98 F.3d 590, 593 (10th Cir. 1996). Dr. Wright says *Wilson* is distinguishable, but he does not provide any reasoning to support this position. *See* Pl. Resp. 7.

Instead, Dr. Wright seeks to evade application of the four-attempt limit by describing it as a disputed fact issue, pointing to his allegation that "one or two of the times Mr. Wright sat for the USMLE Step [3] test, were not attempts, due to the unlawful denial of reasonable accommodations." Pl. Resp. 5 (citing Second Amended Complaint ¶ 68). But there is no legitimate dispute that Dr. Wright has taken the Step 3 examination four times, *see* Second Amended Complaint ¶¶ 56, 60, 70, and therefore is not eligible to test again under the standard USMLE policy, *see* Order at 3 n.3 (taking judicial notice of the four-attempt rule and noting "Dr. Wright does not dispute the existence of the rule"). If there were any doubt on this point, the Court may properly consider the declaration of Amy Buono in deciding NBME's motion to dismiss for lack of subject matter jurisdiction, contrary to Dr. Wright's argument (Pl. Resp. at 4). *See Silex West, LLC v. Bd. of Cty. Comm'rs*, No. 21-00061, 2021 WL 4477326, at *2 (D. Colo. Sept. 30, 2021).

Granting NBME's motion to dismiss would not "strip" the Court of the ability to provide relief to candidates who are allegedly "illegally denied testing accommodations." Pl. Resp. 5. Dr. Wright himself had repeated opportunities to seek preventive relief with respect to the past Step 3 exams. He could have sought preventive relief from the Court after NBME denied his first accommodation request in 2019, *see* Second Amended Complaint ¶ 59, but he did not do so, instead choosing to taking the test for the third time under standard conditions, *id.* ¶ 60. He *did* seek preventive relief in the form of an emergency preliminary injunction after NBME denied his second accommodation request in 2021, but the Court denied his motion. Dr. Wright could have pursued his claim to a final decision on the merits before testing a fourth time, but he went ahead and tested under standard conditions. Dr. Wright's own actions have thus made him ineligible to

test again, under generally-applicable testing policies. His ADA claim must therefore be dismissed given his lack of standing.

## II.     Dr. Wright fails to state a retaliation claim under the ADA

Dr. Wright's insistence that he has properly raised a claim of retaliation under the ADA is misguided. In addition to the pleading deficiencies in his passing reference to retaliation buried within his pre-existing claim for violation of Title III of the ADA, *see* Second Amended Complaint ¶ 96(k), Dr. Wright cannot credibly claim that the USMLE four-attempt policy was introduced and made applicable to all USMLE candidates as retaliation against Dr. Wright's second request for testing accommodations. *See* NBME Mot. at 8-10.

Dr. Wright points to a "temporal proximity" between NBME's denial of his second request on June 28, 2021, and NBME's "notice of the change to the four-attempt-rule posted on July 1, 2021, just three days later" to support "an inference of retaliatory motive." Pl. Resp. 9. But Dr. Wright did not engage in "protected opposition to discrimination" on June 28, 2021; this is the date NBME denied his accommodation request. *See* 42 U.S.C. § 12203(a).[1] The "notice of the change to the four-attempt-rule" was also not first "posted on July 2021," as Dr. Wright's argument suggests. Pl. Resp. 9. It was announced to examinees on February 12, 2020 and reiterated in the 2021 USMLE Bulletin of Information published in September 2020. *See* 2021 Bulletin of

---

[1] Dr. Wright does not argue that his actual accommodation request constituted "protected opposition to discrimination," perhaps because that would be an implausible argument, or because the alleged "retaliatory" policy became effective more than three months after the request was submitted, which further refutes the requisite causal connection. "Without other evidence, three or more months between the protected activity and the adverse action is insufficient to establish a causal connection." *Stratton v. United Launch Alliance, L.L.C.*, No. 13-1756, 2014 WL 3644565 (D. Colo. July 22, 2014) (citations omitted).

Information at 2, *at* https://www.usmle.org/sites/default/files/2021-08/2021bulletin.pdf.[2] There is no "causal connection" between Dr. Wright's second request for testing accommodations and the change in USMLE policy, which was announced long before Dr. Wright ever made his second request.

Dr. Wright cannot evade dismissal through allegations and insinuations of retaliation that are belied by undisputable facts which he either knows or should know. *See* 2021 Bulletin at 1 (cautioning examinees that they must "become familiar with the information referenced in this *Bulletin* if [they] are an applicant with an eligibility period in 2021"). To the extent Dr. Wright's Amended Complaint can properly be read as asserting a retaliation claim, that claim is frivolous and cannot prevent dismissal.

**III.     Dr. Wright cannot pursue a claim under the CADA**

Dr. Wright's attempt to salvage his CADA claim fares no better. NBME is not a public accommodation within the meaning of that statute and, in any event, Dr. Wright failed to exhaust administrative remedies.

**A.     NBME is not a "public accommodation" within the meaning of the CADA**

Dr. Wright makes conflicting—yet equally misguided—arguments in attempting to show that NBME is subject to the CADA. On the one hand, he argues that NBME falls within the definition of public accommodation "[u]nder any fair reading of the Act," pointing to the inclusion of "educational institutions" in C.R.S. § 24-34-601(1). Pl. Resp. 10. But NBME, a standardized testing entity, is clearly not "an educational institution."

---

[2] The Court judicially noticed other information from the USMLE Bulletin of Information in its November 29, 2022 Order. Dkt. 50 at n.3.

Pivoting 360 degrees from his argument that NBME falls neatly within the Act's use of the term "public accommodation," Dr. Wright argues that C.R.S. § 24-34-601(1) "does not define 'place of public accommodation.'" Resp. Br. 8. He is wrong again. Under a heading titled "Discrimination in places of public accommodation—***definition***," the statute provides that "'place of public accommodation' ***means*** any place of business engaged in any sales to the public and any place offering services, facilities, privileges, advantages, or accommodations to the public …." (Emphases added). This definition is easily analyzed here. NBME is not a business engaged in sales to the public or a place offering services, facilities, privileges, advantages, or accommodations to the public and bears no resemblance to the categories of entities listed in the statutory definition. Therefore, NBME is not a place of public accommodation within the meaning of the CADA.

This conclusion is buttressed by the fact that NBME is not a public accommodation under the ADA. Dr. Wright concedes that the terms "place of public accommodation" or "public accommodation" have the same meaning in the CADA and in the ADA. *See* Pl. Resp. 10. Testing entities are not included in the ADA's list of public accommodations, *see* 42 U.S.C. § 12181(7), and Dr. Wright does not argue otherwise. Instead, he reiterates the argument that NBME is some sort of educational institution. *See* Pl. Resp. 9 (citing 42 U.S.C. § 12181(7)(j)). NBME, however, is not a nursery, elementary, secondary, undergraduate, or postgraduate private school or other place of education within the meaning of Title III. It is a standardized testing entity. It also is not a facility generally open to the public at large. *See Shepherd v. U.S. Olympic Committee*, 464 F. Supp. 2d 1072 (D. Colo. 2006) ("A 'place of public accommodation' for purposes of Title III is a

facility generally open to the public at large, including restaurants, hotels, libraries, stores, theaters, stadiums, zoos, and the like.").

Dr. Wright's contrary argument is grounded in a misconception of the structure of Title III. He contends that testing entities are a "subset" of "public accommodations" under the statute. But "public accommodations" are not the only entities covered by the ADA's Title III. The DOJ's implementing regulations make clear that three categories of entities are covered by Title III: (1) public accommodations; (2) commercial facilities; and (3) private entities that offer examinations. *See* 28 C.F.R. § 36.102(a). NBME falls in the third category and is subject to a specific provision in Title III applicable to private testing entities, 42 U.S.C. § 12189. There is no analogous provision in the CADA.

NBME is not a public accommodation under the ADA or the CADA.

### B. Dr. Wright did not exhaust administrative remedies

Even if NBME were subject to the CADA (and it is not), Dr. Wright would be barred from pursuing a CADA claim because he has not exhausted administrative remedies. *See* C.R.S. § 24-34-306(14) ("No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him under this part 3…."); *see also Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66, 70 (Colo. 1995) ("[A]dministrative remedies under the Act must be exhausted…for claims filed pursuant to the Act.").

Dr. Wright argues that the limitation in C.R.S. § 24-34-306(14) is "modified" by C.R.S. § 24-34-802(2), which provides that a disabled individual who is subjected to a violation of C.R.S. § 24-34-601 (among other provisions) may bring a civil suit in court. *See* Pl. Resp. 11-12. He

contends that this more "specific" provision trumps the more "general" language in C.R.S. § 24-34-306(14). *Id.* That interpretation, however, would improperly nullify § 24-34-306(14).

"Where two legislative acts may be construed to avoid inconsistency, the court is obligated to construe them in that manner." *People v. Steen*, 318 P.3d 487, 490 (Colo. 2014) (citations omitted). The provisions at issue here can be construed consistently with no difficulty. C.R.S. § 24-34-802(2) allows an individual who is subjected to an alleged violation of C.R.S. § 24-34-601 to bring an action and seek relief in court *after* exhausting his administrative remedies as required under C.R.S. § 24-34-306(14). To pursue a claim for violation of § 24-34-601 (which Dr. Wright purports to do in his Second Amended Complaint, ¶¶ 107-111), a plaintiff must first exhaust administrative remedies as required by § 24-34-306(14). This straightforward reading is supported by the Court's general holding in *Zapata v. Colorado Christian University* that administrative exhaustion is required for a public accommodation disability discrimination claim under § 24-34-601. *See* No. 18-2529, 2019 WL 1544179 (D. Colo. Mar. 15, 2019), *rec. adopted*, 2019 WL 1533239 (D. Colo. Apr. 9, 2019).[3]

Finally, Dr. Wright's argument that "the General Assembly knew how to write exceptions in CADA," Pl. Resp.12, actually proves there is no exception to the exhaustion requirement here. Dr. Wright points to C.R.S. § 24-34-403 and claims this provision makes filing with the Commission mandatory while the language in C.R.S. § 24-34-604 is permissive, *id.*, but his argument ignores the language in C.R.S. § 24-34-306(14), which is applicable to all claims alleging violation of part 6 and mandates administrative exhaustion. He also cites to C.R.S. § 24-

---

[3] Dr. Wright attempts to distinguish *Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66, 70 (Colo. 1995), Pl. Resp. 11, but he ignores *Zapata*.

34-505.6 (which prohibits discriminatory housing practices), Pl. Resp. 12, which explicitly states: "Notwithstanding any provision in this article to the contrary, an aggrieved person may commence a civil action under this section whether or not a charge has been filed under section 24-34-306…." But there is no such language in § 24-34-802(2)(a) that would allow an action to be filed in court alleging a violation of § 24-34-601 "notwithstanding" the requirements of § 24-34-306(14).

Dr. Wright's CADA claim should therefore be dismissed, and the dismissal should be with prejudice. Although he requests, in the alternative, that dismissal of his CADA claim be without prejudice so he can pursue administrative remedies, Pl. Resp. 13, he is out of time to do so. *See* NBME Mot. 11. Dr. Wright has not responded to this timing deficiency, and it should be deemed conceded. *See Troudt v. Oracle Corp.*, No. 16-175, 2019 WL 1006019, at *12 (D. Colo. Mar. 1, 2019) ("[P]laintiffs essentially concede this argument by failing to address it at all in response to the motion for summary judgment.").

## CONCLUSION

Dr. Wright's Complaint should be dismissed in its entirety. His CADA claim should be dismissed with prejudice.

DATED this 24th day of March, 2023.

                                      Respectfully submitted,

                                      **PERKINS COIE LLP**

                                      By: s/ *Lindsey E. Dunn*
                                             Lindsey E. Dunn
                                             LDunn@perkinscoie.com
                                             Perkins Coie LLP
                                             1900 Sixteenth Street, Suite 1400
                                             Denver, CO 80202-5255
                                             Telephone: 303.291.2300
                                             Facsimile: 303.291.2400

                                      Attorneys for National Board of Medical Examiners

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                                      s/ *Lindsey E. Dunn*

-11-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

- Eric H. Maxfield
  eric@ericmaxfieldlaw.com, Eric@ericmaxfieldlaw.com
  emaxfieldlaw@yahoo.com

s/ *Lindsey E. Dunn*
   Lindsey E. Dunn
   LDunn@perkinscoie.com
   Perkins Coie LLP
   1900 Sixteenth Street, Suite 1400
   Denver, CO 80202-5255
   Telephone: 303.291.2300
   Facsimile: 303.291.2400

**Attorneys for National Board of Medical Examiners**